# UNITED STATES *v.* DOWNING.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 104.    Argued March 2, 1906.—Decided April 2, 1906.

Carbon sticks from twelve to twenty inches in length and which require only a slight and inexpensive process to adapt them for use in electric lighting are manufactured articles similar in material, quality, texture and use to carbons for electric lighting enumerated in paragraph 98 of the Tariff Act of 1897, 30 Stat. 156, 205, and therefore under § 7 of that act are subject to the same duty.

THE facts are stated in the opinion.

*Mr. James C. McReynolds,* Assistant Attorney General, for the United States:

Under sundry provisions of the tariff law use is made the test of classification, and it is necessary to determine whether in order to be included therein the enumerated articles must be completely prepared for the ultimate use specified or whether it suffices to show that as imported they can have no useful purpose except the one named notwithstanding something further may be required for their perfection. See *Dingelstedt* v. *United States,* 87 Fed. Rep. 190; *S. C.,* 91 Fed. Rep. 112; *United States* v. *Gabriel,* 99 Fed. Rep. 716; *United States* v. *Waddell,* 113 Fed. Rep. 1021.

The descriptive words in the act are not "carbons for electric lamps"—the style and capacity of which might change from time to time—nor "carbons for electric lights," but "carbons for electric lighting"; and the stipulation shows the process of manufacture had advanced so far that the sole use to which the articles could be put was for such lighting. See *Magone* v. *Heller,* 150 U. S. 70, 74; *Elgin Watch Co.* v. *Spaulding,* 19 Fed. Rep. 411; *Worthington* v. *Robbins,* 139 U. S. 337; *Hart-*

*ranft* v. *Meyer,* 149 U. S. 544; *Robinson* v. *United States,* 122 Fed. Rep. 970.

If not specifically enumerated as carbons for electric lighting in paragraph 98 the imports were similar thereto and chargeable with the same duty, under sec. 7 of the act. The' articles were manifestly similar in material, quality and use to finally completed carbons for electric lighting. Similarity in one of the particulars mentioned is sufficient to subject an unenumerated article to the duty levied on an enumerated one. *Pickhardt* v. *Merritt,* 132 U. S. 252, 258.

*Mr. J. Stuart Tompkins* for respondents:

The unfinished carbon sticks in question are not dutiable directly under paragraph 98 at ninety cents per hundred as carbons for electric lighting·

As showing the nicety and exactness of language which has always been required and deemed essential in tariff laws, see *United States* v. *Nichols,* 186 U. S. 298; *United States* v. *Austin Nichols & Co.,* 121 Fed. Rep. 729.

About one-twelfth the foreign market value of the carbons must be expended in labor performed in this country. The case is very similar to the pearl disks complete for use as buttons except for the piercing of the holes, involved in *United States* v. *Blumenthal,* 51 Fed. Rep. 76; *S. C.,* aff'd, 1 U. S. App. 680. See also *United States.* v. *Simon,* 84 Fed. Rep. 154; *Hunter* v. *United States,* 126 Fed. Rep. 894; *United States* v. *Merck,* 66 Fed. Rep. 251; *Cowl* v. *United States,* 124 Fed. Rep. 475; *In re Maltby Lumber Co.,* T. D. 25,407; *Vanacker* v. *Spaulding,* 24 Fed. Rep. 88.

These sticks are "carbons" as defined by the dictionaries. See Standard and Century dictionaries.

This court has sanctioned reference to dictionary definitions as an aid to the memory and understanding of the court in determining the usual and ordinary meaning of words in tariff laws. *Nix* v. *Hedden,* 149 U. S. 304; *Marvel* v. *Merritt,* 116 U. S. 11, 12.

There being no evidence that the word "carbons" has a special meaning in trade and commerce different from its common and ordinary signification, the latter or common meaning, as understood in everyday speech, must be taken as the criterion in determining whether or not these imported sticks are "carbons" for electric lighting within the purview of that term as used in paragraph 98. *Sonn* v. *Magone*, 159 U. S. 417.

The language of the statute is plain and unambiguous, and it is the duty of the court to enforce it according to the obvious meaning of the words, without attempting to change it by adopting a different construction, based upon some supposed policy of Congress in regard to the subject of legislation. *Bate Refrigerating Co.* v. *Sulzberger*, 157 U. S. 1; *Gardner* v. *Collins*, 2 Pet. 58, 93.

The dutiable classification of this merchandise must be determined according to the condition in which it was imported, not according to its condition when further manipulated or manufactured, after arrival. *United States* v. *Schoverling*, 146 U. S. 76, 82.

That the defendants imported their merchandise in its unfinished condition "for tariff purposes" is in no way prejudicial to them. *Merritt* v. *Welsh*, 104 U. S. 694; *Magone* v. *Luckemeyer*, 139 U. S. 612; *United States* v. *Schoverling*, 146 U. S. 81.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This case involves the rate of duty under the Tariff Act of 1897, 30 Stat. 151, 156, 205, upon certain sticks of carbon used for electric lighting. The collector of customs of the port of New York held them to be dutiable at ninety cents per one hundred sticks, under paragraph 98 of the act of 1897, which provides as follows:

"Gas retorts, three dollars each; lava tips for burners, ten cents per gross and fifteen per centum ad valorem; carbons for electric lighting, ninety cents per hundred; filter tubes,

forty-five per centum ad valorem; porous carbon pots for electric batteries without metallic connections, twenty per centum ad valorem."

On protest and review by the board of appraisers the decision of the collector was affirmed. The board of appraisers, however, held that the sticks were not within the terms of paragraph 98, basing the ruling on *United States* v. *Reisinger*, 94 Fed. Rep. 1002, nor within paragraph 97, under the rule in the *Gabriel* case, 99 Fed. Rep. 716. And held further, that while the articles in question were not enumerated in the act of 1897, they were "similar in material, texture and use to carbons for electric lighting," and dutiable under paragraph 98 by virtue of the similitude clause (sec. 7) of the act of 1897. The Circuit Court for the Southern District of New York held that the articles were dutiable under paragraph 97 and reversed the ruling of the board of appraisers upon the authority of *United States* v. *Reisinger, supra*, and the Circuit Court of Appeals affirmed the Circuit Court.

It appears from the evidence that the carbon sticks are from twelve and a half to twenty inches in length, and to render them ready for use one-half inch must be cut off from the shorter ones and their ends burnished or smoothed, the process costing about one-tenth of one per cent. The longer sticks must be cut in two and sharpened at both ends, and it is stipulated that those steps for their completion being done the only use for the sticks "is as carbons for electric lighting." They are undoubtedly "carbons" and their use is "for electric lighting." In a general sense they come within the description of paragraph 98. It is contended, however, that they are not covered by that paragraph, because they must undergo a process of manufacture, though slight that process need be. The contention virtually is that the articles imported are not "carbons," either in the trade or popular sense, and do not become such until fit for use in lamps. In other words, it is the finished stick that constitutes the entity contemplated and made dutiable at ninety cents per hundred under paragraph 98,

and that the articles imported are accurately described and enumerated only in paragraph 97, as articles composed of carbon, not specially provided for. Paragraph 97 is as follows:

"Articles and wares composed wholly or in chief value of earthy or mineral substances, or carbon, not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad .valorem; if decorated, forty-five per centum ad valorem."

There is much to justify the contention of respondents as to paragraph 98. The act of 1897 recognizes in many places the difference between finished and unfinished articles of manufacture, but it also recognizes in many places use as determining the duty. The words "electric lighting" are very general and it is the effect of the stipulation of the parties that the imported articles have no useful purpose except for electric lighting, though something further may be required for exact adaptation. However, we may put our decision on another ground, which will be best developed in considering the contention of respondents under paragraph 97.

The contention encounters a serious difficulty. As was decided in *Dingelstedt* v. *United States*, 91 Fed. Rep. 112, the paragraph covers articles which are susceptible of decoration and not, as contended by respondent, articles decorated or not decorated, irrespective of their capability of being decorated. If the articles in question do not fall within paragraph 98, because not finished, and do not fall within paragraph 97, because not susceptible of decoration, where do they fall? They would seem necessarily to fall under that part of section 6, which provides that "on all articles manufactured, in whole or in part, not provided for," and subject to a duty of twenty per cent ad valorem. But there is a circumstance to be considered that arrests this effect. Section 7 provides "that each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which

is levied on the enumerated article which it most resembles in any of the particulars before mentioned.; . . ."

The imported merchandise are undoubtedly manufactured articles and do not miss by a great deal being identical with "carbons for electric lighting" in the most restricted sense of that description. They have, therefore, similarity in all the particulars mentioned in section 7 to such carbons.

*The judgments of the Circuit Court of Appeals and of the Circuit Court are reversed and the case remanded to the Circuit Court with directions to sustain the decision of the Board of General Appraisers.*