## UNITED STATES v. BEHREND.

### SAME v. WING & EVANS.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

Nos. 90, 91 (4,304, 4,585).

1. CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—FIRE BRICK—SIMILITUDE.

Retort settings (fire brick) weighing more than 10 pounds are dutiable by similitude as "fire-brick weighing not more than ten pounds each," under Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 87, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1632).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

2. CUSTOMS DUTIES (§ 25*)—"SUSCEPTIBILITY TO DECORATION."

The rule that the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 97, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1633), for decorated and undecorated articles composed of mineral substances, does not cover articles not susceptible of decoration, excludes from that paragraph fire brick, which can be, but never are, decorated.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 25.*]

3. CUSTOMS DUTIES (§ 44*)—SIMILITUDE—POINTS OF RESEMBLANCE.

Retort settings more than 10 pounds in weight, being fire brick, resemble fire brick weighing not more than 10 pounds, in material, quality,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

texture, and use, within the meaning of the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1694). Identity would ordinarily exclude all question of similarity, but not here, because of the distinction in weight.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

4. CUSTOMS DUTIES (§ 44*)—TESTS OF RESEMBLANCE—INCONGRUITY OF ASSESS-
MENT.

The amount of duty is not one of the tests prescribed for the ap-
plication of the similitude clause in Tariff Act July 24, 1897, c. 11, § 7,
30 Stat. 205 (U. S. Comp. St. 1901, p. 1694).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

Noyes, Circuit Judge, dissenting..

Appeal from the Circuit Court of the United States for the South-
ern District of New York.

The Circuit Court affirmed decisions by the Board of United States General Appraisers, which had reversed the assessment of duty by the collector of customs at the port of New York. There was no opinion filed in the Circuit Court, judgment being rendered on the authority of Wing & Evans v. U. S. (C. C.) 119 Fed. 479.

D. Frank Lloyd, Asst. U. S. Atty.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for ap-
pellee Behrend.

James R. Ely (E. B. Whitney, of counsel), for appellees Wing & Evans.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. The articles in question are retort settings. The collector classified them as articles composed of earthy or mineral substances, under paragraph 97 of the act of July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1633), which reads:

"Articles and wares composed wholly or in chief value of earthy or min-
eral substances, or carbon, not specially provided for in this act, if not dec-
orated in any manner, thirty-five per centum ad valorem; if decorated,
forty-five per centum ad valorem."

The board classified them under paragraph 87:

"Fire-brick weighing not more than ten pounds each, not glazed, enameled.
ornamented, or decorated in any manner, one dollar and twenty-five cents
per ton; glazed, enameled, ornamented, or decorated, forty-five per centum
ad valorem. * * *"

In Dinglestedt v. United States, 91 Fed. 112, 33 C. C. A. 395, this court held that paragraph 86 of the tariff act of August 27, 1894, c. 349, § 1, Schedule B, 28 Stat. 513, which is similar to paragraph 97 of the act of 1897, applies only to articles susceptible of decoration, a view which seems to have been approved by the Supreme Court in United States v. Downing, 201 U. S. 354, 358, 26 Sup. Ct. 788, 50 L. Ed. 786. These retort settings are admittedly fire brick, and they are certainly not susceptible of decoration within this construction of the act; that is to say, though any article can be decorated, these never are decorat-
ed, and it would be absurd to do so. They, therefore, cannot be said to be enumerated in paragraph 97; and, although fire brick, they are

not enumerated in paragraph 87, because, weighing more than 10 pounds each, they are expressly excluded from it.

We are therefore left to determine, under section 7 of the act, what enumerated article they most resemble in material, quality, texture, and the uses to which they may be applied. Obviously, they resemble fire brick in all these respects; indeed, they are fire brick. The late Judge Townsend so held in the Circuit Court in Wing v. United States (C. C.) 119 Fed. 479. Identity would ordinarily exclude all question of similarity, but not in this case, because of the distinction made between fire brick under and over 10 pounds in weight.

The government objects that this construction entirely nullifies the provision of paragraph 87 that it shall not apply to fire brick weighing more than 10 pounds each. Congress has prescribed just what tests are to be used to determine similitude, and the amount of duties to be paid is not one of them. If this results in an incongruity, the inference is not that the prescribed tests should be abandoned, but that those who drew the act, through oversight or otherwise, failed to express the intention of Congress.

Judgment affirmed.

NOYES, Circuit Judge (dissenting). I am constrained to dissent in these cases. Paragraph 87, under which the importers primarily claim, is limited in its application to fire brick weighing not more than 10 pounds each. These brick exceed that weight, and are not within the paragraph unless they can be brought in by similitude. But to do so wholly wipes out the statutory distinction. In my opinion, the similitude clause cannot have that effect, and does not bring in the identical material embraced in an act when in a condition expressly excluded from its operation.

Paragraph 97, under which the government claims, applies only to earthen articles susceptible of decoration. Fire brick have no similarity to them.

In my opinion, the merchandise should be assessed for duty under the general provision relating to manufactured articles not otherwise provided for.