ECKSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 12, 1909.)

No. 106 (4,335).

1. CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—ARTIFICIAL HORSEHAIR—SIMILITUDE.

Artificial horsehair is dutiable as cotton yarn by similitude, under Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 302, 30 Stat. 175 (U. S. Comp. St. 1901, p. 1655), rather than as "silk yarn" by similitude, under Schedule L, par. 385, 30 Stat. 185 (U. S. Comp. St. 1901, p. 1668).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. CUSTOMS DUTIES (§ 44\*)—SIMILITUDE—RESEMBLANCE IN USE AND MATERIAL.**
    Within the meaning of the similitude clause in Tariff Act July 24,
    1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), artificial
    horsehair resembles cotton yarn in material, because each is composed
    almost entirely of cellulose, and in use, because both are largely used in
    making braids, etc.

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.\*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

The decision below (160 Fed. 287) affirmed a decision by the Board of United States General Appraisers (G. A. 6,387, T. D. 27,442), which had affirmed the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (Albert H. Washburn, of counsel), for appellant.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The merchandise in question is artificial horsehair. It is made out of cotton waste, just as artificial silk is; and the process of manufacture is the same, namely, the cotton waste is chemically dissolved, and the solution forced through fine apertures solidifying into filaments when they reach the air, which are then grouped or twisted together into artificial silk. In making horsehair the solution is forced into water first, where the filaments are grouped together into one single thread before they solidify. It is conceded that artificial horsehair is not enumerated in the tariff act, not being silk yarn under Act July 24, 1897, c. 11, § 1, Schedule L, par. 385, 30 Stat. 185 (U. S. Comp. St. 1901, p. 1668) nor cotton yarn under paragraph 302. The government has classified it under the basket clause (section 6) as a manufactured article not enumerated or provided for in the act, whereas the importer contends it should be classified under section 7 as a nonenumerated article similar to cotton yarn.

We have held in Hardt von Bernuth & Co. v. United States, 146 Fed. 61, 76 C. C. A. 638, that artificial silk should be so classified. The judge of the Circuit Court affirmed the government's classification, distinguishing that case on the ground that artificial silk was found to be a yarn, whereas artificial horsehair, being solid, and not composed of twisted or spun filaments, is not a yarn. Admitting that this is so, still artificial horsehair is like cotton yarn in material, each being composed almost entirely of cellulose, and like it in use, being largely used as glazed cotton is in making hat braids, shoe laces, binding braids, tapes, and imitation horsehair. We think these resemblances establish its similitude to cotton yarn, even if the texture of the two articles is different. It is no ground for abandoning the tests of similitude established by Congress that their application may result in artificial horsehair, colored, bleached, or dyed, etc., always paying the lowest duties under paragraph 302, while artificial silk and

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cotton yarn pay duties increasing according to the number of threads of which they are composed. United States v. Wing & Evans, 167 Fed. 317.

The judgment is reversed.,