## FENSTERER & RUHE *v*. UNITED STATES (No. 37).[1]

MAGNESIA ARTICLES OF THE CHARACTER OF BISQUE AND OTHER EARTHENWARE.

Bisque rings, insusceptible to decoration and designed for incandescent burners were not dutiable as bisque under section 96, tariff act of 1897, but under section 6. of that act, as an unenumerated manufacture.—Schoenmann *v*. United States (119 Fed. Rep., 584) followed.

United States Court of Customs Appeals, November 30, 1910.

APPEAL from decision of the Board of United States General Appraisers, Abstract. 21678 (T. D. 29946); transferred from United States Circuit Court for the Southern District of New York.

[Reversed.]

*Comstock & Washburn* ( *J. Stuart Tompkins* on the brief) for appellants.

*D. Frank Lloyd*, Assistant Attorney General ( *William. A. Robertson* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

HUNT, Judge, delivered the opinion of the court:

The question involved in this appeal is the proper classification of certain articles spoken of as rings for incandescent gaslights. The

---

[1] Reported in T. D. 31110 (19 Treas. Dec., 1231).

Board of United States General Appraisers found that the rings were bisque, liable for duty at 55 per cent advalorem under paragraph 96 of the tariff act of 1897, which reads as follows:

96. All other china, porcelain, parian, bisque, earthen, stone, and crockery ware, and manufactures thereof, or of which the same is the component material of chief value, by whatever name known, not specially provided for in this act, if painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if not ornamented or decorated, fifty-five per centum ad valorem.

The importers have appealed, contending that the rings are properly dutiable at 20 per cent ad valorem, under section 6 of the aforesaid tariff act, as nonenumerated manufactured articles. The case was submitted to the Board of Appraisers upon a stipulation, wherein it was agreed that the commodities involved are identical with those which were before the Board of Appraisers in the Block Light Co.'s case (T. D. 29512), and that the facts which were before the Board of Appraisers in that case should be deemed before the board in this.

Turning to the evidence which was heard and considered in the Block Light case, it appears very clearly that the rings are bisque or biscuit ware, which is an unglazed clay product either of china or earthenware mixture. It is unnecessary to recapitulate the testimony, for it fully supports the conclusion reached by the Board of Appraisers. But even if the articles are found to be bisque, the importers urge that paragraph 96 is limited in its application to articles that are susceptible of decoration, and that the same principle must be used in construing paragraph 96 that the courts have held proper to apply to paragraph 97, which reads as follows:

97. Articles and wares composed wholly or in chief value of earthy or mineral substances, or carbon, not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem.

As we agree with the contention that the bisque rings are not susceptible of decoration according to usual commercial practice (United States v. Wing, 167 Fed. Rep., 317), the inquiry is resolved into this, How should bisque rings for incandescent burners, the rings not being susceptible of decoration, be classified?

If the question were wholly new, we should not find it difficult to sustain the argument advanced by the learned counsel for the Government, that section 96 is comprehensive enough to cover all articles of whatever character made of bisque or of which bisque is the component material of chief value, without regard to susceptibility to decoration. The history of the china and pottery schedules would seem to lead to such a conclusion. If we go back to the tariff act of 1897, we find that the substance of the paragraphs was as follows:

94. Common yellow, brown, or gray earthenware, plain, embossed, or salt-glazed common stoneware, and crucibles, all the foregoing not decorated in any manner, twenty-five per centum ad valorem; Rockingham earthenware not decorated, forty per centum ad valorem.

95. China, porcelain, parian, bisque, earthen, stone, and crockery ware, including clock cases with or without movements, placques, ornaments, toys, toy tea sets, charms, vases and statuettes, painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if plain white and without superadded ornamentation of any kind, fifty-five per centum ad valorem.

96. All other china, porcelain, parian, bisque, earthen, stone, and crockery ware, and manufactures thereof, or of which the same is the component material of chief value, by whatever name known, not specially provided for in this act, if painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if not ornamented or decorated, fifty-five per centum ad valorem.

The tariff act of 1894, so far as material, contains the following provisions:

83. Common yellow and brown earthenware, plain or embossed, common stoneware, and crucibles, not decorated in any manner, twenty per centum ad valorem.

84. China, porcelain, parian, bisque, earthen, stone and crockery ware, including placques, ornaments, toys, charms, vases, and statuettes, white, not changed in condition by superadded ornamentation or decoration, thirty per centum ad valorem.

85. China, porcelain, parian, bisque, earthen, stone and crockery ware, including placques, ornaments, toys, charms, vases, and statuettes, painted, tinted, enameled, printed, gilded, or otherwise decorated in any manner, thirty-five per centum ad valorem.

Going back to the tariff act of 1890, we find these material provisions:

99. Common brown earthenware, common stoneware, and crucibles, not ornamented or decorated in any manner, twenty-five per centum ad valorem.

100. China, porcelain, parian, bisque, earthen, stone and crockery ware, including placques, ornaments, toys, charms, vases, and statuettes, painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if plain white, and not ornamented or decorated in any manner, fifty-five per centum ad valorem.

101. All other china, porcelain, parian, bisque, earthen, stone, and crockery ware, and manufactures of the same, by whatsoever designation or name known in the trade, including lava tips for burners, not specially provided for in this act, if ornamented or decorated in any manner, sixty per centum ad valorem; if not ornamented or decorated, fifty-five per centum ad valorem.

Examination of the tariff act of 1883 discloses the following paragraphs:

124. Brown earthenware, common stoneware, gas-retorts, and stoneware not ornamented, twenty-five per centum ad valorem.

125. China, porcelain, parian, and bisque, earthen, stone and crockery ware, including placques, ornaments, charms, vases, and statuettes, painted, printed, or gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem.

126. China, porcelain, parian, and bisque ware, plain white, and not ornamented or decorated in any manner, fifty-five per centum ad valorem.

127. All other earthen, stone, and crockery ware, white, glazed, or edged, composed of earthy or mineral substances, not specially enumerated or provided for in this act, fifty-five per centum ad valorem.

The enumerations in these several laws appear to be very complete and to have been made with a view of including all kinds of china,

stone, and crockery ware, without excepting articles not capable of ornamentation or decoration. Unless this construction is correct, the only place of classification for the many articles of stone and crockery that are not susceptible of decoration has been under the commonly called "catch all" or nonenumerated clauses of the several acts. It scarcely seems reasonable to believe that Congress so intended. The careful enumeration of stone and crockery ware, a very small portion of which is capable of decoration, adds strength to the belief that the statutes heretofore and in 1897 were designed to cover the whole range of china and pottery without exception of such as could not be decorated.

But we find that there has been a trend of construction of the act of 1897 in the opposite direction, with which we feel constrained to put this court in accord, unless the cases can be distinguished upon some substantial basis. The tenor of the decisions referred to is that language such as occurs in paragraph 96, already quoted, limits application of the law to articles that are susceptible of decoration.

In Dingelstedt v. United States (91 Fed. Rep., 112) the Court of Appeals of the Second Circuit, in considering the proper classification of certain carbon points for arc lights, held that the phrase "all articles composed of * * * mineral substances * * * if decorated in any manner, forty per centum * * *; if not decorated, thirty per centum * * *," as used in paragraph 86 of the tariff act of 1894, which is a part of Schedule B, relating to earths, earthenware, and glassware, and in which the duty on articles not specially provided for is fixed, should be construed, by reason of the collocation of the paragraph, as applying only to articles composed of mineral substances similar to those enumerated in that schedule. The learned court, however, in reaching its conclusion, expresses the opinion that "apparently" Congress had in mind, when enacting the statute, articles susceptible of decoration. It would seem to us not a strain to regard the argument of the court as applicable only to the particular paragraphs which the court had under examination; but we find that the reasoning has been extended and quoted as a correct interpretation of the sections of the tariff act of 1897, where like language is used, and which generally control duties to be assessed upon china and pottery.

The Dingelstedt case. (supra) was commented upon and distinguished in Hempstead & Son v. United States (158 Fed. Rep., 584), where the Court of Appeals of the Third Circuit, speaking through Judge Gray, construing paragraph 100 of the tariff act of July 24, 1897, providing for "* * * vessels or articles of glass * * * all the foregoing, filled or unfilled, and whether their contents be dutiable or free * * *" held that in view of the history of the legislation, the reference to the filling of such articles did not imply

that only articles capable of being used as containers were covered by the paragraph. That case, however, is not directly pertinent to the discussion at hand, because of the difference in the language and history of statutes examined.

Crawford *v.* United States (T. D. 28539) is very close to the questions involved. The articles affected were magnesia rings used for holding incandescent mantles in position. Judge Martin, sitting in the circuit court, recapitulated the cases wherein the Board of Appraisers at New York had decided that magnesia tips or rods used for holding incandescent mantles in position could not be classified under paragraph 97, since the decision in the Dingelstedt case (supra). He said:

The Board of United States General Appraisers at New York on October 16, 1903, held, G. A. 5452 (T. D. 24737), that magnesia tips or rods, used for holding incandescent mantles in position, were composed wholly of clay, with a trace of oil acting as a binder; that said articles were nonmetallic; that they are not earthenware as that term is used in the tariff, nor can they be classified under paragraph 97, since the decision of the circuit court of appeals in the Dingelstedt case (91 Fed. Rep., 112), which restricts the application of that paragraph to articles that are susceptible of decoration, and that those in question were not. The same board on April 6, 1906, held that magnesia rings, identical with the goods in controversy, were dutiable under section 6 of the tariff act as "unenumerated manufactured articles." Abstract 10830 (supra). The same board on September 13, 1906, sustained the protest of the importer on magnesia rings like these, and held them properly dutiable under section 6 at 20 per cent ad valorem. Abstract 12844 (supra).

If the board were correct in the cases above referred to, they were not correct in their decision in this case. I assume that the previous decisions of the board are correct, and therefore hold that the merchandise in question is dutiable under said section 6 at 20 per cent ad valorem. Therefore the decision of the Board of General Appraisers is reversed.

We find also that the highest authority, the Supreme Court, in United States *v.* Downing (201 U. S., 354), approved the opinion of the court in the Dingelstedt case by a positive declaration that the words of paragraph 97, "if not decorated in any manner, thirty-five per cent ad valorem; if decorated, forty-five per cent ad valorem," covered articles susceptible of decoration, and not articles decorated or not decorated, irrespective of their capability of being decorated. It is true that the Supreme Court was considering carbon sticks, very different articles from those before us, affected by paragraph 96, but the view expressed of the language used by Congress in paragraph 97 bears directly upon the construction that should be put upon similar words in paragraph 96 and impel us to adopt the view that because the articles under consideration are bisque, not susceptible of decoration, they can not be classified under paragraph 96.

The effect of this ruling is to put the articles under the nonenumerated clause, unless the similitude clause (sec. 7) applies. Counsel for the Government says that it may be invoked, and to support his

argument cites Hahn v. United States (100 Fed. Rep., 635), Tiffany
v. United States (112 Fed. Rep., 672), United States v. Wing (167
Fed. Rep., 317), United States v. Wing (119 Fed. Rep., 479), Waddell
v. United States (124 Fed. Rep., 301), and United States v. Dana (99
Fed. Rep., 433).

The application of the similitude clause in the Downing case should
be considered too. The exact facts which were presented by the
record in the Downing case were, however, very unlike those in this
case. There the imported merchandise was carbon sticks, and
although a slight process had to be applied to fit them for electric
lighting, yet the court held that their use was for such purpose only,
and that they were practically carbons for electric lighting, and there-
fore similar to carbons defined by paragraph 98 of the act of 1897,
which provided for carbons for electric lighting.

We do not construe the decision as compelling a ruling that bisque
holders not capable of decoration, being articles not enumerated, are
similar either in material, quality, texture, or the use to which they
may be put, to bisque holders enumerated, which are capable of deco-
ration. This would be unreasonable, for it would be in effect a ruling
that though bisque holders capable of decoration are made subject to
a duty of 55 per cent ad valorem, bisque holders not capable of deco-
ration shall be subject to the same duty, because such holders are
similar to those capable of decoration.

To an argument of this kind, the Court of Appeals of the Third
Circuit, in Schoenmann v. United States (119 Fed. Rep., 584), said:

   * * * We do not think that this section is susceptible of this interpretation, or
was meant to apply except to articles of manufacture, which, though different and
distinct from each other, are similar in the respects mentioned in the statute. In
this case there is an identity of material, not similarity, and when the statute
expressly prescribes a duty for this material, when it is in a certain condition, it
must be taken to preclude the application of the similitude statute to the same mate-
rial not in that condition. It would be equally as reasonable to say that because
certain stones fashioned into monuments or into cubical blocks are dutiable, stones
not so fashioned, and not in building shapes, should be liable to the same tax on the
ground of similarity of material.

United States v. Dana et al. (supra) decided that to constitute
similitude of use within the meaning of the similitude clause of the
tariff act of 1894, which would require a nonenumerated article to
be classified with one enumerated, the uses of the two need not be
identical or interchangeable. The product which the court had under
consideration was ferrochrome, which was held dutiable under
paragraph 110 of the tariff act of 1894 because of its similitude in
use to ferromanganese, which was covered by such paragraph. With
the general ruling of that case, that the similitude section does not
require identity, but is satisfied by similarity in use, we do not dis-

agree, but no principle of the construction of language such as is necessary to be considered in the present case was discussed by the court.

In Hahn *v.* United States (100 Fed. Rep., 635), supra, the merchandise in question comprised small cups, shoe-hook and glove-hook handles, knife handles, paper weights, slabs for match boxes and for blotting papers, and similar articles manufactured wholly of agate or of onyx. The court considered the provisions of the tariff act of March, 1883, which pertained to precious stones, and contained (sec. 2499) a clause relating to every nonenumerated article which bore a similitude either in material, quality, texture, or the use to which it might be applied, to any article enumerated in the title as chargeable with duty. Section 1513 of the last-mentioned tariff act also provided for the levy, collection, and payment on the importation of "all raw or unmanufactured articles not herein enumerated or provided for and on all articles manufactured in whole or in part not enumerated or provided for." The decision was that manufactured articles from agate or onyx were subject to the same rate of duty as that imposed upon precious stones, such articles being identical in material with well-known kinds of precious stones, although advanced by their manufacture into specific commercial articles beyond the condition of stones.

Tiffany *v.* United States (supra) sustained the view that the loose pearls which were involved in the suit were not covered by the provisions of the tariff act of 1897, sections 434, 435, and 436, classifying jewelry and precious stones. The court said that before the pearls could be included in the general clause of manufactured articles not otherwise provided for it must first be found that they do not fall within the similitude section, No. 7. Inasmuch as the court was of the opinion that the pearls were similar to pearls provided for, the similitude clause was applicable. The case, however, is not directly relevant.

Waddell & Co. *v.* United States (supra) affected composition pumice stone, a manufactured article, complete and ready for use. Duty was assessed by the collector under the provision in paragraph 97, heretofore quoted in this opinion. The importers there contended that the articles were dutiable under paragraph 92, Schedule B, section 1, of the said tariff act, which provides for pumice stone wholly or partly manufactured, either directly or as being similar to such pumice stone within the meaning of section 7, or the similitude clause. Judge Lacombe, sitting in the circuit court, looked upon paragraph 92, Schedule B, chapter 1, of the tariff act of 1897, as not applicable to the article under consideration. He was further of the opinion that paragraph 97 could not be applied "in view of the decision of the cir-

cuit court of appeals in Dingelstedt v. United States (91 Fed. Rep., 112)." But he held that under the similitude clause the merchandise was dutiable as if it were pumice stone, because in texture, material, and use there was a substantial similarity to pumice stone enumerated in the paragraph referred to. In so far as this case refers to the doctrine of the Dinglestedt case, it agrees with our judgment of what was decided therein, while upon the facts the case perhaps is distinguishable from that under consideration. But if we grant that it is somewhat in conflict with the general view to be taken of the applicability of the similitude clause to a state of facts, such as we have in this case, the opinion of the circuit court of appeals in Schoenmann v. United States (supra), impresses us as the sounder view.

United States v. Behrend (supra) is a very recent case decided by the Court of Appeals for the Second Circuit. Retort settings were classified by the collector as articles composed of earthy or mineral substances, under paragraph 97 of the tariff act of 1897 heretofore quoted. The Board of Appraisers classified the articles under paragraph 87, which provided for fire brick weighing not more than 10 pounds each, not glazed, enameled, ornamented, or decorated in any manner, and for the same articles glazed, enameled, ornamented, or decorated. Judge Ward, speaking for the court, construed Dingelstedt v. United States (supra) as holding that paragraph 86 of the tariff act of 1894, which is similar to paragraph 97 of the tariff act of 1897, was applicable only to articles susceptible of decoration, and further held that the retort settings being fire brick, and not susceptible of decoration, they could not be enumerated in paragraph 97, nor could they be enumerated in paragraph 87, because they weighed more than 10 pounds each. Under such a state of facts, the similitude, clause was called upon, and the goods were held to resemble fire brick, and therefore classification for fire brick was proper, although the brick weighed more than 10 pounds each. The court said that identity would ordinarily exclude all question of similitude, but not in that case, because of the distinction made between fire brick under and over 10 pounds in weight. We think the facts of this last case distinguish it from that before us. It is to be mentioned that Judge Noyes dissented, upon the ground that as the brick exceeded 10 pounds in weight they could not be brought within the paragraph classifying fire brick weighing not more than 10 pounds by similitude. He said:

* * * In my opinion, the similitude clause can not have that effect, and does not bring in the identical material embraced in an act when in a condition expressly excluded from its operation.

Without extending this opinion, we conclude that the reasoning of the court in Schoenmann v. United States (supra) is correct. It fol-

lows that the bisque holders in the case before us, not presenting conditions prerequisite to their being dutiable under paragraph 96 of the act, Congress did not intend that the distinctions found to exist in paragraph 96 might be disregarded by the similitude section.

The decision of the Board of General Appraisers is reversed, and the cause is remanded with directions to assess duties under section 6 as nonenumerated manufactured articles.