UNITED STATES *v.* DIDIER-MARCH CO. (No. 751).[1]

EXHAUSTERS, COMPOSED WHOLLY OR IN PART OF METAL.

> The exhausters are composed of stoneware and iron, stoneware being the component material of chief value. The iron couplings and screws that connect the stoneware parts are, however, substantial and material constituents of the machines, and this fact is sufficient to bring them within the terms of paragraph 193, tariff act of 1897. They were dutiable under that paragraph.

United States Court of Customs Appeals, January 11, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26371 (T. D. 31832).

[Reversed.]

*Wm. L. Wemple,* Assistant Attorney General (*Frank L. Lawrence* on the brief), for the United States.

No appearance for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The Didier-March Co. imported into the country at the port of New York certain machines which are utilized in chemical works to remove or expel therefrom the fumes of nitrous acid. The machines are called exhausters and are composed of stoneware and metal, stoneware being the component material of chief value. The appraiser returned the goods as manufactures of metal and earthenware, with earthenware as the constituent of chief value. Accordingly the collector of customs laid a duty on the exhausters of 55 per cent ad valorem under the provisions of paragraph 96 of the tariff act of July 24, 1897, which paragraph is as follows:

> 96. All other china, porcelain, parian, bisque, earthern, stone, and crockery ware, and manufactures thereof, or of which the same is the component material of chief value, by whatever name known, not specially provided for in this act, if painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if not ornamented or decorated, fifty-five per centum ad valorem.

The importing company protested that the machines were not manufactures of earthenware, and as grounds of objection to the classification set up the claim that the exhausters were either salt-glazed common stoneware, dutiable at 25 per cent ad valorem under paragraph 94, or articles or wares composed wholly or in chief value of earthy or mineral substances dutiable at 35 per cent ad valorem under paragraph 97, or articles or wares not specially provided for composed wholly or in part of metal dutiable at 45 per cent under paragraph 193, or nonenumerated manufactured articles dutiable at 20 per cent ad valorem under section 6.

---

[1] Reported in T. D. 32198 (22 Treas. Dec., 114).

The paragraphs and section just referred to are as follows:

94. Common yellow, brown, or gray earthenware, plain, embossed, or salt-glazed common stoneware, and crucibles, all the foregoing not decorated in any manner, twenty-five per centum ad valorem; Rockingham earthenware not decorated, forty per centum ad valorem.

97. Articles and wares composed wholly or in chief value of earthy or mineral substances, or carbon, not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem.

193. Articles or wares not specially provided for in this act, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

SEC. 6. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this act, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this act, a duty of twenty per centum ad valorem.

The Board of General Appraisers sustained the protest and directed that the importation be assessed for duty at 20 per cent ad valorem under the provisions of section 6. Within the time prescribed by law the Government filed a petition for a rehearing and asked for a reconsideration of the case on the ground that if the merchandise was dutiable under any of the claims of the protest it was dutiable under paragraph 193 as an article composed wholly or in part of metal and not specially provided for, and not under section 6. The petition for a rehearing was denied by the board, and in due time the Government, "being dissatisfied with the decision of the Board of United States General Appraisers * * * as to the construction of the law and the facts respecting the assessment of duty, * * * and being dissatisfied also with the procedure of said board, as hereinafter specified," applied to this court for a review of "the questions involved in said decision."

Counsel for the Government contends, first, that as the exhausters are composed wholly or in part of metal they are provided for in paragraph 193, and therefore excluded from the operation of section 6; second, that the board erred in denying the petition for a rehearing, and that this court should so declare. Whether the board should have granted or denied a rehearing seems to us, for the purposes of this case, to be an academic rather than a practical question, and we must, therefore, decline to consider it. The Government claimed before the board and claims here that it was entitled to a rehearing on the ground that the board should have held the goods dutiable under paragraph 193. On this same ground it also asks for a reversal of the final decision after an appeal duly perfected and taken therefrom. On the record as presented this court may now finally fix the

rate of duty which the merchandise should carry, and once for all it may definitely determine whether the exhausters are or are not dutiable as articles or wares composed wholly or in part of metal. It would seem, therefore, to be a work of supererogation to consider a point the decision of which in appellant's favor could result in nothing more than a new hearing, a new judgment, a new appeal, and then a final decision by this court which could be just as well rendered on the present appeal.

At all events, having before us the question which is alike determinative of the correctness of the order denying a rehearing and of the final decision of the board, we think it well on a complete record to avoid circuity of procedure and to make a decision which will end the litigation. We shall, therefore, deal solely with the appeal from the final decision of the board, and in particular with that part of it which assigns as error the failure of the board to hold the importation dutiable under paragraph 193 in accordance with the claims of the protest. Not being susceptible of decoration, the machines imported were not dutiable under the provisions of paragraph 96, as classified by the collector, and the board was correct in so deciding. Fensterer & Ruhe v. United States (1 Ct. Cust. Appls., 93; T. D. 31110). Neither were they dutiable as salt-glazed common stoneware under paragraph 94. That paragraph was intended to cover articles composed wholly of stoneware and not articles made up in part of stoneware and in part of other materials. In re Behrend (T. D. 25130). This reduces the competition to paragraph 193 and section 6, and as between the two we think the importation was properly dutiable under the former rather than under the latter provision. It appears from undisputed evidence that the exhausters are composed of stoneware and iron and that stoneware is the component material of chief value. The iron couplings and screws which connect or hold together the stoneware parts, however, are beyond debate substantial and material constituents of the machines, and that is enough, in our opinion, to bring them within the terms of paragraph 193, inasmuch as they are not otherwise specially provided for. Seeberger v. Schlesinger (152 U. S., 581, 587); United States v. Downing (1 Ct. Cust. Appls., 337; T. D. 31434).

If the enumeration in the paragraph just mentioned covers the articles imported, and we hold that it does, it follows that the goods are not classifiable or dutiable as "articles manufactured, in whole or in part, not provided for," and consequently that they can not be subjected to the provisions of section 6.

The decision of the Board of General Appraisers is therefore *reversed*, with directions that reliquidation be had under paragraph 193 in accordance with this opinion.