UNITED STATES *v.* BORGFELDT & Co. (No. 997).[1]

NIGHT LIGHTS, MANUFACTURES IN PART OF METAL.
    Metal appears to be an essential part of this night light, and as the article is not specifically enumerated elsewhere it falls directly within the provisions of paragraph 199, tariff act of 1909, as an article composed in part of metal.

United States Court of Customs Appeals, November 21, 1912.

APPEAL from Board of United States General Appraisers, Abstract 29597 (T. D. 32780).
    [Reversed.]

    *William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *William A. Robertson,* special attorney, on the brief), for the United States.
    *Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
    The merchandise the subject of this appeal consists of so-called night lights. The sample shows them to consist of short wicks

---

[1] Reported in T. D. 32990 (23 Treas. Dec., 476).

in small boxes of wood and of paper, each box containing also a float or raft of metal and cork designed to lie upon the surface of a body of oil. Each wick is provided with a collar of wood to hold it erect on the float when in use. A small pair of metal tongs accompanies each box.

The merchandise was assessed for duty at 45 per cent under paragraph 332, which was manifestly a clerical error. The rate of duty was fixed at 45 per cent, the same as that now contended for by Government under paragraph 199, which provides for articles or wares not specially provided for in this section, composed wholly or in part of metal.

The board sustained the protest on the ground that the goods were dutiable as nonenumerated manufactured articles at the rate of 20 per cent ad valorem under paragraph 480 of the tariff law of 1909. The question is presented, therefore, whether these goods are properly dutiable as manufactures in part of metal, as admittedly if they were not the conclusion of the Board of General Appraisers was correct.

We think, however, that the contention of Government is well founded by the record. The witness produced by the protestants testified as follows:

Q. This little center piece here is tin, is it not? This is cork, attached to tin?— A. A little piece of tin.

Judge WAITE. That is the thing on which the taper or light is put to float it on the oil?

The WITNESS. Yes, sir.

Q. It is a floater, isn't it?—A. Yes, sir.

Q. It is a necessary part?—A. Yes, sir.

Q. It is the principal part, is it not?—A. I don't know that I would call that the principal part, any more than the night lights.

The metal would therefore appear to be an essential part of these night lights, and as the article is not specifically enumerated elsewhere, it falls directly within the provisions of paragraph 199, as an article composed in part of metal. We do not feel justified in saying that in an article containing essential parts of metal the metal may be treated as negligible. See United States *v.* Didier (2 Ct. Cust. Appls., 436; T. D. 32198); United States *v.* Downing (1 Ct. Cust. Appls., 337; T. D. 31434); Gage *v.* United States (2 Ct. Cust. Appls., 427; T. D. 32174).

As the burden is upon the importer to show that the article is dutiable under the paragraph named by him, and as this is negatived by our finding that the article falls under the metal paragraph, the misrecital of the paragraph by the assessor making the assessment is immaterial.

The decision of the board is *reversed*.