UNITED STATES *v.* KRAEMER & Co. *et al.* (No. 1322).[1]

JEWELRY—TOYS.

>   There is nothing in the record to show that the goods of the importation are designed for use as playthings. They are of a size and appearance that leads to the inference they were made to be worn by children as articles of adornment. A commercial designation as toys was not proved. The articles are properly classifiable as jewelry.

### United States Court of Customs Appeals, May 18, 1914.

APPEAL from Board of United States General Appraisers, Abstract 34111 (T. D. 33913).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* special attorney, of counsel), for the United States.
*Brown & Gerry* for appellees.

. Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The importations in question consisted of brooches or pins made of brass and tin and having an artificial red rose in the center, necklaces constructed of glass beads and cotton strings with a brass clasp, and celluloid bracelets. The pins and bracelets were assessed for duty at 60 per cent ad valorem under paragraph 448 of the act of 1909, as "articles commonly or commercially known as jewelry, or parts thereof, finished or unfinished." The necklaces were assessed at the same rate of duty under paragraph 421 of the same act, which provides for "articles not specially provided for in this section, composed wholly or in chief value of beads or spangles made of glass or paste, gelatin, metal, or other material."

Various claims were made in the protest, but as the evidence in the case lends no support to any claim except that in paragraph 431 for toys, it will be necessary to consider that provision only, as, if the importer is unable to make his case thereunder, he must, under the established rules, be held not to have shown himself entitled to relief.

The board held the importations properly classifiable as toys. In reaching this conclusion, it is apparent that the board was to some extent influenced by previous holdings of the board establishing .an arbitrary line of demarcation between goods that should be held toys or otherwise depending upon price. The decision in this case was in part as follows:

>   As to the brooches, necklaces, and bracelets, numbered, respectively, 1, 2, and 3, the testimony shows that they are known as toy jewelry, toy bracelets, toy necklaces, and are sold to wholesale notion houses as toy jewelry; that they can be bought in five and ten cent stores. In view of this testimony, and the brooches or pins and bracelets being valued at less than seven marks per gross, and the necklaces less than eleven marks per gross, on the authority of G. A. 7251 (T. D. 31786) we hold the merchandise * * * dutiable as toys at 35 per cent ad valorem under paragraph 431.

---

[1] Reported in T. D. 34474 (26 Treas. Dec., 858).

We are of the opinion that quite other tests must be applied than that of value. The article may be cheap and yet not a plaything. And this view has since been adopted by the board. See Abstract 32185 (T. D. 33963). Use generally is a controlling consideration. See Illfelder *v.* United States (1 Ct. Cust. Appls., 100; T. D. 31115). The present case is devoid of evidence showing that the articles in question are used as toys. An inspection shows that they are adapted to use as articles of children's adornment, cheap it is true, their use doubtless confined to people of limited means, yet nevertheless in their use filling the place for those who use them of more valuable jewelry.

The proof of commercial designation is not convincing. It is true that witnesses testify that these articles are known to the trade as toy jewelry, but the record also shows that this term is not universally applied. The first answer given by the witness Adler, who had an experience of four years carrying back to a time shortly before the enactment of the tariff act, was as follows:

A. The brooches and necklaces are known as toy jewelry, and the bracelets as toy bracelets. They all come under the class of jewelry, and are known as common jewelry novelties really.

On cross-examination he was asked:

Q. And do I understand that you use the term novelty jewelry?—A. Those brooches are sold mostly as novelties.

Q. And are they catalogued as novelties?—A. We don't carry a catalogue, and I really don't know.

This testimony tends very strongly to show that the term "toy jewelry" is not a term indicating the real use, and that it is not employed exclusively in describing these goods.

It is said in the brief of the appellee that—

The mere fact that sometimes the articles may be known without the adjectival word "toy" is not sufficient reason to change their classification. A top or a kite is a toy and belongs to the general class of toys, even though it may be known under its specific name, and even though there may be gyroscopes or kites which are used by adults in war or for scientific purposes. An examination of the samples in this case is sufficient to indicate that they are suitable for no serious purpose whatever, either for the use of adults or children.

This statement we could readily follow if we were to accept the premises of the importers' counsel. But there is nothing in this record to show that these articles are designed for use as playthings. Were they adapted to use as doll's jewelry a different question would be presented; but they are not. They are of the size and appearance which leads to the inference that they were designed to be worn by children as is any other article of adornment, and in the absence of convincing evidence of exclusive commercial designation, we feel constrained to hold that these articles were properly classified.

The decision of the board is *reversed.*