NIPPON CO. *v.* UNITED STATES (No. 2423)[1]

1. PARAGRAPHS 200 AND 215, TARIFF ACT OF 1913—"VEGETABLES."
    In determining whether or not a comestible is a vegetable, under paragraph 200 or 215, tariff act of 1913, the test is whether it is eaten and treated as a vegetable in the kitchen and dining room. If so, it is a vegetable; but, if used and eaten as a condiment or relish only, it is not. Where it grows—whether in a kitchen garden or elsewhere—makes no difference. As was said in Togasaki & Co. *v.* United States (12 Ct. Cust. Appls. 463; T. D. 40667) "If it is eaten as a food and as other well-known vegetables, it is a vegetable."

2. "WARABI"—EDIBLE DRIED FERNS—VEGETABLES.
    "Warabi," dried wild ferns from Japan, used as a vegetable in a manner similar to spinach, was properly classified under paragraph 215, tariff act of 1913, as "vegetables in their natural state," and refused classification as "moss, seaweeds, and vegetable substances, crude or unmanufactured," under paragraph 552.

3. "TAKENOKO"—CANNED COOKED BAMBOO SPROUTS—VEGETABLES.
    "Takenoko"—chopped, cooked, and canned bamboo sprouts from Japan—used as a vegetable in a manner similar to asparagus, was properly classified as prepared vegetables under paragraph 200, tariff act of 1913, and refused classification as a nonenumerated article under paragraph 385.

United States Court of Customs Appeals, March 23, 1925

APPEAL from Board of United States General Appraisers, G. A. 8785 (T. D. 40148)

[Affirmed.]

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General, for the United States.

[Oral argument January 3, 1925, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in this case is of two kinds:

(*a*) "Warabi," or ferns that grow wild in the mountains of Japan. These ferns grow to a height of 10 or 12 inches. They are gathered, dried in the sun, and in that condition imported. They are used here as a vegetable, being cooked, served, and eaten in a manner similar to spinach. There is no testimony tending to show that they are used for any other purpose.

(*b*) "Takenoko" or bamboo sprouts. These are the young sprouts of the wild bamboo that grows in all parts of Japan. If left alone the sprouts grow into trees which are devoted to a variety of nonfood uses. The young sprouts, however, are tender and edible and are gathered for food purposes. The importation thereof in this case was cut up, cooked, and put into hermetically sealed cans. After importation they are prepared and eaten here exclusively as a vegetable in a manner similar to asparagus.

[1] T. D. 40781.

The warabi was classified and assessed under paragraph 215 of the tariff act of 1913 providing for "vegetables in their natural state, not specially provided for" at 15 per cent ad valorem.

Importer claims it to be free of duty under paragraph 552 of the act covering "moss, seaweeds, and vegetable substances, crude or unmanufactured, not otherwise provided for."

The takenoko was classified and assessed under paragraph 200 of the act providing for "vegetables if cut, sliced, or otherwise reduced in size * * * or prepared in any way * * * not specially provided for, 25 per centum ad valorem."

Importer claims this article should have been classified as a non-enumerated, unmanufactured, or manufactured article under paragraph 385 and assessed at 10 or 15 per cent ad valorem.

Importer's contention in substance is that neither of these articles is a vegetable within the meaning of the paragraph under which it was classified, because not one of such things as are ordinarily grown in a garden. It argues that the use of the article is of no greater importance than the place of its production, and that to be classifiable as a vegetable under said paragraphs, an article must not only be used as such but must be within the class of products of ordinary kitchen gardens, citing among others, the cases of Nix *v.* Hedden (149 U. S. 304); Pierce *v.* United States (1 Ct. Cust. Appls. 171; T. D. 31215); United States *v.* Wallace (4 Id. 142; T. D. 33414); United States *v.* Coroneos Bros. (9 Id. 220; T. D. 38198).

An examination of the cited cases and others will show that in determining whether a thing was or was not a vegetable, within the purview of the paragraphs under which the articles here have been classified and others in pari materia, the test has been whether the given article was, in fact, eaten and treated as a vegetable in the preparation and partaking of meals. If so, it was regarded as a vegetable, but if used and eaten as a condiment or relish only, it was otherwise classifiable. In other words, use was the test—United States *v.* Shing Shun & Co. (2 Ct. Cust. Appls. 388; T. D. 32113).

In the recent case of Togasaki & Co. *v.* United States, (12 Ct. Cust. Appls. 463; T. D. 40667), decided February 4 last, Presiding Judge Graham, after reviewing many authorities, speaking for this court, tersely stated the rule in a single sentence as follows:

"If it is eaten as a food and as other well-known vegetables, it is a vegetable."

Applying that test to the warabi and takenoko, it is clear that the Board of General Appraisers in overruling the protest reached the right conclusion, and its judgment is therefore *affirmed*.