PASQUALE RUSSO, STROHMEYER & ARPE CO. *v.* UNITED STATES (No. 3739)[1]

United States Court of Customs and Patent Appeals, May 21, 1934

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellant. *Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.

[Oral argument April 5, 1934, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges[2]

BLAND, Judge, delivered the opinion of the court:

Certain strings of small, red-colored, dried peppers were imported at the port of New York, and were classified by the collector as dutiable under that portion of paragraph 781 of the Tariff Act of 1930, reading: " * * * pepper, capsicum or red pepper or cayenne pepper, unground, 5 cents per pound; ground, 8 cents per pound

---

[1] T. D. 47106.
[2] HATFIELD, J., did not participate in this case.

* * *" and assessed with duty at 5 cents per pound, since the imported merchandise had not been ground.

The importers protested the said classification and assessment with duty, and claimed the merchandise to be dutiable as peppers at 3 cents per pound under paragraph 774, which is headed, "Vegetables in their natural state: * * *", or under said paragraph 781, the spice paragraph, at 25 per centum ad valorem, or under paragraph 775 at 35 per centum ad valorem, or under paragraph 1558 at 20 per centum ad valorem. In this court appellants rely on their claim that the merchandise is dutiable as peppers at 3 cents per pound under said paragraph 774, which reads as follows:

PAR. 774. Vegetables in their natural state: Peppers, 3 cents per pound; eggplant, 3 cents per pound; cucumbers, 3 cents per pound; squash, celery, lettuce, and cabbage, 2 cents per pound; crude horseradish, 3 cents per pound; all other not specially provided for, 50 per centum ad valorem: * * *

The United States Customs Court, Third Division, overruled the protests and held the merchandise dutiable under said paragraph 781 as classified, and the appellants have appealed to this court from the judgment of the trial court.

The peppers at bar are dark red in color, have short stems, are very much wrinkled or shriveled by drying, are somewhat round in appearance as distinguished from long or cone-shaped peppers, and average about 1 inch in diameter. The pods are strung on strings. The record shows that they are generally used for flavoring sausages and certain preserves; that they have a flavoring and preserving effect; that the whole pepper, including the seeds, is sometimes crushed with the hand and sprinkled on soup, meat, etc., and in that way eaten. They are picked ripe and dried in the sun. The witnesses state that this kind of pepper is never ground but is sometimes cut with a knife or crushed; that they grow in gardens and fields on a small bush about 2 feet high. They are shipped to this country in baskets and invoiced as "baskets dry red peppers". The peppers have a pungent or peppery taste but are not as strong as cayenne or some of the other red peppers. It is admitted that they are a variety of capsicum pepper.

Appellants state that there are many varieties of capsicum peppers and list a number of them in their brief; that they are of various shapes and strengths, and have various uses, and that some of them are ground before using and that some of them are not; that said paragraph 781 was not intended to include any pepper which is not ground for the purposes of use, and cite, as bearing on the case, the decisions in *Vandegrift & Co.* v. *United States*, 8 Ct. Cust. Appls. 1, T.D. 37121; *Littlejohn & Co. et al.* v. *United States*, 9 Ct. Cust. Appls. 207, T.D. 38045; and *Cruikshank* v. *United States*, 59 Fed. 446. Appellants further contend that the importation is described in paragraph 774 as "peppers" and argue that although said para--

graph is headed by the term "Vegetables in their natural state", the importation at bar is properly in said paragraph, since the same paragraph includes horseradish, although it is conceded that horseradish is not a vegetable. On this phase of the case, appellants cite *United States* v. *John B. Stetson Co.*, 21 C.C.P.A. (Customs) 3, T.D. 46319; *Oriental Grocery Co.* v. *United States*, T.D. 26863, 10 Treas. Dec. 585; and *John A. Conkey* v. *United States*, Abstract 6817, 54 Treas. Dec. 596.

Appellants make further contentions as to the alternate claims which, in view of our conclusion, require no consideration here.

While appellants have not pressed the doctrine of susceptibility, such as was emphasized in *United States* v. *Downing*, 201 U.S. 354, and *Fensterer & Ruhe* v. *United States*, 1 Ct. Cust. Appls. 93, T.D. 31110, they have urged the application of a somewhat similar doctrine in contending that a pepper which is not ground before use was not intended to be classified under paragraph 781. Appellants further urge that Congress has distinguished between "pepper", which they seem to urge is ground in its usable form, and "peppers", which are in the pod and not ground.

The doctrine of susceptibility, although resorted to by this court in the *Fensterer & Ruhe* case, *supra*, and by other Federal courts with respect to particular merchandise when certain statutes were under consideration, has not been extended by this court, and has been given controlling influence only when the facts were identical or so nearly identical as to fall within the controlling influence of the *Downing* case, *supra*, and other similar cases referred to. See *United States* v. *Morimura Bros.*, 7 Ct. Cust. Appls. 285, T.D. 36801; and *United States* v. *Murphy & Co.*, 13 Ct. Cust. Appls. 456, T.D. 41348. Moreover, if the doctrine of susceptibility applies here, there is no showing that the peppers are not susceptible of being ground.

We agree with the conclusions of the court below that Congress, by making the two provisions for "pepper" and "peppers" intended to provide for such peppers in paragraph 774 as were vegetables. The trial court relied largely upon the decision of this court in *Nippon Co.* v. *United States*, 12 Ct. Cust. Appls. 548, T.D. 40781, where this court said:

An examination of the cited cases and others will show that in determining whether a thing was or was not a vegetable, within the purview of the paragraphs under which the articles here have been classified and others in pari materia, the test has been whether the given article was, in fact, eaten and treated as a vegetable in the preparation and partaking of meals. If so, it was regarded as a vegetable, but if used and eaten as a condiment or relish only, it was otherwise classifiable. In other words, use was the test—*United States* v. *Shing Shun & Co.* (2 Ct. Cust. Appls. 388; T.D. 32113).

In *Togasaki & Co. et al.* v. *United States*, 12 Ct. Cust. Appls. 463, T.D. 40667, many authorities were reviewed and this terse statement

was made: "If it is eaten as a food and as other well-known vegetables, it is a vegetable."

The imported merchandise, even if not ground, is crushed into small particles and sprinkled on food as a condiment, or put in sausage or other material as a flavor and preservant in the same manner of use as a pepper which is ground. The pepper provision of said paragraph 781 includes species of the capsicum or red pepper which are used as condiments for the same purposes as is the importation at bar, and we know of no reason why it was not within the congressional intent to include peppers which were used as condiments in the manner described in this record, even though they were crushed into fine particles and not ground as that term is sometimes technically defined.

When paragraph 781 was before the Committee on Ways and Means of the House of Representatives, the committee had before it the Summary of Tariff Information, 1929, which gave pertinent facts and information relating to the articles included within the paragraph. In said Summary of Tariff Information, at page 1500, is found the following:

PEPPER, CAPSICUM OR RED PEPPER OR CAYENNE PEPPER, AND PAPRIKA, UNGROUND

Description and uses.—The capsicum family or red peppers comprises many varieties. Red pepper is officially defined as the red, dried ripe fruit of any species of capsicum. Cayenne pepper is the dried ripe fruit of *Capsicum frutescens L.*, and *Capsicum baccatum L.*, or of other small-fruited species of capsicum. Paprika is the dried ripe fruit of *Capsicum annum L.* Most of the varieties are pungent and hot to the taste, and are commonly called chilies. Some varieties, such as that grown in Spain, are sweet and mild, and are known as sweet peppers. Red peppers are widely used in the preparation of various pickled vegetables and meats. In the ground form they are used as a spice; they are an important ingredient in "chili con carne." * * *

The importation being capsicum pepper, and unground, and used as a condiment as aforesaid, we conclude that it is properly dutiable under the said provision in paragraph 781, and that the decision of the United States Customs Court correctly decided the issue, and its judgment is *affirmed.*