## In re HERTER BROS.

(Circuit Court of Appeals, Second Circuit. December 13, 1892.)

1. CUSTOMS DUTIES — CLASSIFICATION — MARBLE MOSAICS.

Small cubes or half cubes, some of which were manufactured from veined marble and some of marble not veined, made from waste marble, partly by hand and partly by machinery, sawed on one face, and suitable, in the condition as imported, to be laid in cement for certain ordinary kinds of mosaic floors or pavements, but not for fine work, were properly dutiable, those of them which were of veined marble, as "veined marble," at $1.10 per cubic foot, under Schedule N, Heyl's Tariff Index, (paragraph 467 of the tariff act of March 3, 1883,) and the remainder thereof, which were of marble not veined, by similitude to "marble paving tiles," at the same rate, under the same schedule and paragraph, and under section 2499 (the similitude clause) of the Revised Statutes of the United States, as amended by said tariff act, (chapter 121 of the Laws of 1883, approved March 3, 1883.) 50 Fed. Rep. 72, reversed.

2. SAME—INSUFFICIENCY OF PROTESTS.

As the protests of the importers made against the classification of the merchandise by the collector of the port of New York claimed only that the merchandise was dutiable as "marble in block," at 65 cents per cubic foot, under the same schedule and tariff index, (paragraph 467,) and did not raise the claims that it was dutiable either as "veined marble" or as "marble paving tiles" in fact or by similitude, held, that the judgment of the circuit court reversing the decision of the board of United States general appraisers, which affirmed the decision of the collector, should be reversed, and the decision of the board of United States general appraisers, affirming the decision of the collector in the classification of these articles as "manufactures of marble," under Schedule N, Tariff Index, par. 468, at 50 per cent. ad valorem, be affirmed, because of the insufficiency of the protests. 50 Fed. Rep. 72, reversed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a proceeding by Herter Bros. to review the decision of the board of general appraisers in the classification of certain marble blocks imported by them. That decision was reversed, and judgment was entered in favor of the importers. 50 Fed. Rep. 72. The United States appeals. Reversed, and the decision of board and of the collector of the port of New York affirmed.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for appellant.

· ·Curie, Smith & Mackie, (W. Wickham Smith, of counsel,) for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

The court rendered the following judgment:

An appeal having been taken from the judgment or decree of the circuit court of the United States for the southern district of New York herein made and entered on the 17th day of November, 1891, and said appeal having come on to be heard, and after hearing James T. Van Rensselaer, assistant United States attorney, on behalf of the United States, appellant, for reversal, and William Wickham Smith, Esq., of counsel for Herter Bros., respondents, for affirmance, and due deliberation having been had thereon, and whereas the merchandise herein is determined by this court not to be dutiable as "marble in block," nor yet as "manufactures of marble," but that part thereof included in the importation by the Persian Monarch and represented by the sample "S. 2," should have been classified for duty as "veined marble," at $1.10 per cubic foot, under Schedule N, Heyl's Tariff Index, (paragraph 467 of the tariff act of March 3, 1883,) and the remainder thereof, including the importation by La Champagne, should have been classified for duty, by similitude to "marble paving tiles," at $1.10 per cubic foot under the same schedule and paragraph, and under section 2499 of the Revised Statutes of the United States, as amended by said tariff act, (chapter 121 of the Laws of 1883, approved March 3, 1883;) and whereas the protests of the importers herein do not raise the claim that the merchandise should be classified for duty either as "veined marble" or as "marble paving tiles" in fact or by similitude.

Now, on motion of Edward Mitchell, United States attorney, it is ordered, adjudged, and decreed that the judgment or decree of the said circuit court of the United States for the southern district of New York herein be, and the same is hereby, in all things reversed; and it is further ordered that a mandate issue to the said circuit court directing that court to make and enter a judgment herein affirming the decision of the board of general appraisers in this case.