---

## In re KNOX.

(District Court, N. D. New York. January 2, 1900.)

### No. 684.

BANKRUPTCY—PROOF OF DEBTS—EXPUNGING INEQUITABLE CLAIM.

An insolvent debtor made a composition with his creditors of 25 per cent., but secretly promised payment in full to three of them, as a means of inducing them to sign the agreement. The remainder of the claims of these creditors was afterwards paid by the debtor out of property of his wife, which he was managing as her agent, she being ignorant of its use for that purpose. The three creditors, having actual or constructive knowledge of the facts, continued to deal with the wife, and she became indebted to them in sums less than they had respectively received from her property. More than four months after the payment, the wife was adjudged bankrupt, and these creditors proved claims against her estate for the new indebtedness. *Held*, that it would be inequitable to allow them to receive any share of her estate, and their proofs of debt should be expunged.

In Bankruptcy. Upon the petition of the trustee, the referee, after full hearing, expunged the claims of three creditors. Upon the request of these creditors, the referee has certified the questions involved to the court for review.

D. C. Stoddard, for trustee.
Elisha B. Powell, for creditors.

COXE, District Judge. Robert J. Knox, the husband of the bankrupt, became embarrassed in business in the summer of 1897. There was a levy upon his property and a sale was threatened. In these circumstances the creditors signed a composition agreeing to accept 25 per centum of their claims. The creditors whose proofs have been expunged were parties to this agreement, but they consented to sign only after they had negotiated a secret convention with Knox that their claims should be paid in full. Thereafter the property of Knox was sold at public auction to his wife who managed the business with her husband as agent until on or about February 23, 1899, when she was adjudicated a bankrupt upon her own petition. During the time Knox was carrying on the business as agent he paid these creditors in full, using his principal's money for that purpose. After the transfer of the business to the bankrupt these creditors continued to deal with her and at the time of her bank-

ruptcy she was indebted to them in the sums for which they have proved their claims. In each instance the sum proved is less than the amount which the creditor has received from the bankrupt's estate. It is the theory and contention of the trustee that the bankrupt and her other creditors are entitled to have the money thus illegally taken from the bankrupt applied towards the payment of her debts.

The referee has written no opinion and has made no special findings of fact, but he could hardly have reached the general conclusion expunging the proofs without finding the following facts: First. That Robert J. Knox made a secret and unlawful agreement to pay these creditors in full, his other creditors receiving but twenty-five cents on a dollar. Second. That the creditors whose claims were expunged received full payment of their claims against Robert J. Knox, the bankrupt's property being converted without her knowledge for that purpose. Third. That these creditors had actual or constructive knowledge of the facts at the time the present indebtedness was contracted. The evidence warrants these findings. As an abstract proposition it would seem inequitable that these creditors should receive 100 per cent. where the other creditors of Robert J. Knox received but 25, the additional 75 per cent. being paid out of the property of this bankrupt and that in addition they should receive the same dividend as her other creditors. Subdivision "c" of section 60 is as follows:

"If a creditor has been preferred, and afterwards in good faith gives the debtor further credit without security of any kind for property which becomes a part of the debtor's estate, the amount of such new credit remaining unpaid at the time of the adjudication in bankruptcy may be set off against the amount which would otherwise be recoverable from him."

This paragraph is inapplicable to the case at bar in several particulars and is quoted only for the purpose of showing that it was evidently the intention of the lawmakers that such controversies may be settled upon the principle of set-off in this informal manner without subjecting the parties to the expense and delay of a lawsuit. Such a disposition is, of course, much more favorable to the creditor than one requiring him to pay back the preference in full and receive only his pro rata share of the bankrupt's estate. In the present case the trustee, who represents the interests of all the creditors, seeks to have the debts which these creditors owe the estate of Mary G. Knox set off against the debt which Mary G. Knox owes these creditors. Her other creditors will have a right to complain if her property is used for any other purpose than the payment of her debts.

It is argued for the creditors that as the payments to them as creditors of Robert J. Knox were made more than four months prior to the filing of the petition herein subdivision "b" of section 60 is applicable and the payments cannot be attacked in bankruptcy. As the court understands the position of the trustee it is not founded upon the theory that the bankrupt has given a fraudulent preference to these creditors, but upon the radically different theory that they have taken from the bankrupt without her knowledge or consent

$3,400 which belongs to her general creditors. The right to compel the creditors to account for this money does not depend upon the bankruptcy act but upon well-known principles of the common law. Where an agent with the knowledge of his creditor pays his own debt with the property of his principal the latter, on discovering the fraud, may recover the property so transferred. Story, Ag. (9th Ed.) §§ 225–231; Van Amringe v. Peabody, 1 Mason, 440, Fed. Cas. No. 16,825. The court is of the opinion that the referee was right in holding that it will be inequitable to permit these creditors to draw additional sums from the bankrupt's estate. Affirmed.