### R. HOEHN CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 3, 1904.)

#### No. 3,450.

CUSTOMS DUTIES—CLASSIFICATION—ARTIFICIAL EYES—DECORATED GLASSWARE
Glass eyes for dolls, in which, in order to complete the resemblance to the human eye, the iris and the pupil have been skillfully painted or traced, are within the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], for "articles of glass, * * * painted * * * or otherwise ornamented, decorated," etc.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review is G. A. 5,471, T. D. 24,779, which affirmed the assessment of duty by the collector of customs at the port of New York. The opinion of the Board of General Appraisers reads as follows:

Somerville, General Appraiser. The goods consist of eyes for dolls, classified as dutiable at the rate of 60 per cent. ad valorem, under paragraph 100, Tariff Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 157 [U. S. Comp. St. 1901, p. 1633], which provides for "articles * * * colored, * * * or otherwise ornamented, decorated, or ground." They are claimed by the importers to be dutiable under the provision in paragraph 112 of said act, 30 Stat. 158 [U. S. Comp. St. 1901, p. 1635], for "manufactures of glass, * * * not

specially provided for." The articles are made entirely of glass, in imitation of the human eye, being hollow, globular shapes, with an opening and projection at the back, presumably intended for fastening them in place. The glass of which they are made is white, except the parts representing the iris and the pupil, which are colored blue, gray, or brown. This coloring is applied skillfully, being delicately shaded and traced in a way to produce the desired effects. In reaching our conclusions in this case we must be governed by the decision of the Circuit Court of Appeals in Koscherak v. U. S., 98 Fed. 596, 39 C. C. A. 166. That case involved the construction of paragraph 90, Tariff Act 1894, c. 349, 28 Stat. 513, which provided for various classes of glassware, when cut, colored, etched, etc., "or otherwise ornamented or decorated." The court held that to bring glassware within that paragraph the cutting, coloring, etching, etc., thereon must (1) be substantial, and (2) amount to an ornamentation or decoration. In our judgment, both requirements are answered in this case. The colored portion of the eyes is certainly substantial, constituting as it does a large proportion of the articles as made, and the most prominent feature of them as used. So, also, in our opinion, is the coloring ornamental or decorative. This case differs from In re Glaenzer, G. A. 3,373, T. D. 16,854, where similar articles were held to be dutiable as colored glassware under paragraph 94, tariff act of 1894, in that that paragraph did not contain the words "or otherwise ornamented, decorated, or ground," or their equivalent. So there was no implication that the coloring should be ornamental, etc. The protests are overruled, and the decision of the collector affirmed.

Comstock & Washburn, for the importers.
Charles D. Baker, Asst. U. S. Atty.

HAZEL, District Judge. The importation in question consists of glass having a globular shape in imitation of the human eye. For the purpose of fastening the eyes in place, a small hollow extension or stem is provided at the back. The iris and the pupil are skillfully painted or traced in order to complete the resemblance and to effectuate the desired object. The duty assessed by the collector of customs was under paragraph 100, which provides for the payment of 60 per cent. ad valorem. The importers claim the merchandise should have been assessed at 45 per cent. ad valorem, under paragraph 112; and they contend that the coloring is not decorative or ornamentative, and hence is not dutiable under the first-mentioned paragraph of the act of 1897. The Board of General Appraisers was of the opinion that, considering the use to which the article is put, namely, for dolls, the painting and tracing of the iris and the pupil was in the nature of an ornamentation, and, further, 'that a substantial part of the glass was colored, and therefore the decision of the collector was proper.

The protest, in my judgment, was properly overruled, and I concur in the conclusions and reasoning of the board. The decision is therefore sustained.