## CHARLES A. JOHNSON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   November 13, 1906.)

No. 4,083.

CUSTOMS DUTIES—CLASSIFICATION—WHETSTONE BLOCKS—CRUDE MINERALS.
Whetstone blocks, of an approximately rectangular shape, which after being quarried have had their projections removed by a process of rough dressing, and which are used in that state, held within the provision for "minerals, crude, or not advanced in value or condition by refining or

grinding, or by other process of manufacture," under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 614, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685.]

On Application for Review of a Decision of the Board of United States General Appraisers.

The case relates to so-called "whetstone blocks" imported at the port of New York. They are nearly rectangular in shape, weighing approximately from 80 to 110 pounds. After being quarried, they were roughly dressed for the purpose of removing their projections; this leaving them with an irregular, uneven surface. The evidence showed that they were used in their imported condition by calico printers for sharpening instruments and grinding the edges of rollers. The Board of General Appraisers held these articles to have been properly classified as unenumerated manufactured articles, under Tariff Act July 24, 1897, c. 11, § 6, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], overruling the importers' contention that they should have been classified under section 2, Free List, par. 614, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685], which reads as follows: "614. Minerals, crude or not advanced in value or condition by refining or grinding, or by other process of manufacture, not specially provided for in this act." The board observed in its opinion: "The claim under paragraph 614 we think not well taken. In our judgment this paragraph was not intended to cover articles of this character; besides, the evidence shows that the stones in question have been advanced in condition by some process of manufacture. In other words, the pieces as imported are not in the exact condition in which they came from the quarry."

Hatch & Clute (Walter F. Welch, of counsel), for importers.
D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. Decision reversed.