UNITED STATES *v.* FENSTERER & RUHE (No. 620).[1]

MAGNESIA RINGS, SUSCEPTIBLE OR NOT OF DECORATION.

> Reviewing the pertinent clauses of the former and of the present law, there appears no reason to hold the new law necessitates a new ruling as to the dutiable value of magnesia rings used for holding in place the incandescent mantles of gas burners; they were properly held dutiable at 35 per cent ad valorem under paragraph 95, tariff act of 1909, as articles composed wholly or in chief value of earthy or mineral substances, not specially provided for and not decorated, whether susceptible of decoration or not.—Fensterer & Ruhe *v.* United States (1 Ct. Cust. Appls., 93; T. D. 31110).

### United States Court of Customs Appeals, December 6, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24819 (T. D. 31300).

[Affirmed.]

*D. Frank Lloyd*, Assistant Attorney General (*Wm. A. Robertson* on the brief), for the United States.

*Comstock & Washburn (Albert H. Washburn* of counsel) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of magnesia rings used for holding in place the incandescent mantles of gas burners. The importation was made under the tariff act of 1909, and the articles were classified by the collector as "manufactures of bisque, undecorated," and were assessed at 55 per cent ad valorem under the provisions of paragraph 94 of that act.

The importers duly filed their protest to this classification and contended that the merchandise should be assessed at 35 per cent ad valorem under paragraph 95 as articles composed wholly or in chief value of earthy or mineral substances, not specifically provided for and not decorated, whether susceptible of decoration or not.

The protest was heard by the Board of General Appraisers, and the same was sustained by the board. The Government now seeks a reversal of that decision.

There was no evidence taken before the board, and there are no exhibits filed. However, the parties agree that the merchandise in question is exactly similar to that involved in the case of Fensterer & Ruhe *v.* United States (1 Ct. Cust. Appls., 93; T. D. 31110). In that case the articles are described as bisque rings designed for incandescent burners, undecorated and insusceptible of decoration. This description is therefore accepted as correct in this case.

---

[1] Reported in T. D. 32094 (21 Treas. Dec., 716).

The importation in the case just cited had entered under the tariff act of 1897. The collector classified the wares as bisque and assessed duty upon them at 55 per cent ad valorem under the provisions of paragraphs 95 and 96 of that act. The action of the collector was sustained by the Board of General Appraisers. But on appeal this court held that the articles did not come within those paragraphs and that they were properly dutiable only at 20 per cent ad valorem under section 6 of the act as nonenumerated manufactured articles.

The following is a copy of paragraphs 95 and 96 of the tariff act of 1897, and also of the cognate paragraph 97, which will be hereinafter referred to:

95. China, porcelain, parian, bisque, earthen, stone, and crockery ware, including clock cases with or without movements, plaques, ornaments, toys, toy tea sets, charms, vases and statuettes, painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if plain white and without superadded ornamentation of any kind, fifty-five per centum ad valorem.

96. All other china, porcelain, parian, bisque, earthen, stone, and crockery ware, and manufactures thereof, or of which the same is the component material of chief value, by whatever name known, not specially provided for in this act, if painted, tinted, stained, enameled, printed, gilded, or otherwise decorated or ornamented in any manner, sixty per centum ad valorem; if not ornamented or decorated, fifty-five per centum ad valorem.

97. Articles and wares composed wholly or in chief value of earthy or mineral substances, or carbon, not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem.

As has been stated above, in the former Fensterer & Ruhe case this court held that articles identical in character with these were not included within the provisions of any of the foregoing paragraphs. The reason for this decision, briefly stated, was that the provisions of the paragraphs prescribing a given duty if the wares were decorated and a less duty if they were not decorated necessarily implied that the wares must all be such as might be decorated; that is, such as were susceptible of decoration. Inasmuch as the goods in question were found as a matter of fact to be incapable of decoration they were held to be foreign to the paragraphs and were assessed as nonenumerated manufactured articles. This decision rested upon the authority of Dinglestedt *v*. United States (91 Fed. Rep., 112), decided in 1898, and United States *v*. Downing (201 U. S., 354), decided in 1906.

The goods now in question were imported under the present tariff act. They were classified by the collector as bisque wares undecorated, and assessed at 55 per cent ad valorem under the paragraphs of that act which correspond to paragraphs 95 and 96 of the prior act, as above copied. This ruling was, of course, made upon the theory that the present paragraphs differ from the former ones so as to include such articles which the former paragraphs, accord-

ing to this court's decision, did not include. The Board of General Appraisers, however, in this case held that the difference in language of the corresponding paragraphs was not such as to justify this classification, and that the reasons and authority of the former Fensterer & Ruhe decision still govern such wares under the new paragraphs. This is the decision which the Government now appeals to this court, and the only question in the case is whether or not the decision made by this court respecting these articles under the former act still controls them under the corresponding paragraphs of the present act.

The following is a copy of paragraphs 93, 94, and 95 of the act of 1909, being the paragraphs corresponding to those above copied from the act of 1897:

93. China, porcelain, parian, bisque, earthen, stone and crockery ware, including clock cases with or without movements, pill tiles, plaques, ornaments, toys, charms, vases, statues, statuettes, mugs, cups, steins, and lamps, all the foregoing wholly or in chief value of such ware; painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner; and manufactures in chief value of such ware not specially provided for in this section, sixty per centum ad valorem.

94. China, porcelain, parian, bisque, earthen, stone and crockery ware, plain white, plain brown, including clock cases with or without movements, pill tiles, plaques, ornaments, toys, charms, vases, statues, statuettes, mugs, cups, steins, and lamps, all the foregoing wholly or in chief value of such ware, not painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner; and manufactures in chief value of such ware not specially provided for in this section, fifty-five per centum ad valorem.

95. Articles and wares composed wholly or in chief value of earthy or mineral substances, not specially provided for in this section, whether susceptible of decoration or not, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem; carbon, not specially provided for in this section, twenty per centum ad valorem; electrodes, brushes, plates, and disks, all the foregoing composed wholly or in chief value of carbon, thirty per centum ad valorem.

The Government contends that two important changes appear in the phraseology of the new paragraphs. First, the word "otherwise," used in the earlier paragraph in connection with the words "decorated or ornamented," has been dropped from new paragraphs 93 and 94; and, second, at the close of both 93 and 94 are added the words "and manufactures in chief value of such ware." The Government argues that these changes of language are sufficient to show a legislative purpose to include such wares within the provisions of the new paragraphs, whether susceptible of decoration or not.

In answer to this it may be said that the omission of the word "otherwise" from the new paragraph does not seem to touch upon the matter in hand. That word did not enter into the former decision of this court in this matter. It had, indeed, an important place in the former act in determining the construction to be given the words "painted, tinted, stained, enameled, printed, or gilded," as therein used; but it had no relation to the question whether or not the wares therein described must be capable of decoration. That is, the use of

the word "otherwise" implied that the words "painted," etc., were intended to cover only such as was decorative or ornamental in character and effect; but it did not enter into the construction which held that the wares must be capable of decoration in order to come within the meaning of the paragraphs. It may furthermore be said that the addition of the words "and manufactures in chief value of such wares" does not seem to affect the present inquiry. This provision did, in fact, substantially appear in former paragraph 96, and therefore is not wholly new. And besides that, it does not bear upon the question at issue.

Therefore the decision of the board in overruling the classification made by the collector was correct. And this is further sustained by the change in language between paragraph 97 of the former act and the corresponding paragraph 95 of the present act. This latter paragraph provides for articles composed of earthy or mineral substances not specially provided for, not decorated, whether susceptible of decoration or not. This last provision, "whether susceptible of decoration or not," is new in the act, and appears to be the unmistakable legislative answer to the same question raised by protests filed under the former act. The principle involved is thus recognized, and appropriate words are used to place such articles as are not susceptible of decoration under the new paragraph 95, leaving the preceding paragraphs to continue within the rule expressed in the former case. The decision of the board placing the articles at bar within paragraph 95 of the present act is therefore approved and the same is *affirmed.*