## UNITED STATES v. FOSCATO (No. 1477).[1]

PRISMOIDAL PIECES OF GLASS, COLORED OR GILDED.

These goods have been so far advanced beyond the condition of a mere raw material that they have received not only a distinctive name, but a special definite form that commits them to a specific ultimate use and apparently renders them commercially unfit for anything else. The language of paragraph 98, tariff act of 1909, is broad enough to cover articles of glass other than those denominatively provided for, and these glass mosaics were dutiable under that paragraph.

United States Court of Customs Appeals, March 18, 1915.

APPEAL from Board of United States General Appraisers, Abstract 36586 (T. D. 34789).

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Frank P. Wilson*, special attorney, on the brief), for the United States.

No appearance for appellee.

[1] Reported in T. D. 35251 (28 Treas. Dec., 462).

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

Smith, Judge, delivered the opinion of the court:

Small prismoidal pieces or blocks of glass, some gilded and others colored yellow, green, blue, orange, and maroon, were classified by the collector of customs at the port of New York as articles of glass, colored, and assessed for duty at 60 per cent ad valorem under that part of paragraph 98 of the tariff act of 1909 which reads as follows:

98. Glass bottles, decanters, and all articles of every description composed wholly or in chief value of glass, ornamented or decorated in any manner, or cut, engraved, painted, decorated, ornamented, colored, stained, silvered, gilded, etched, sand blasted, frosted, or printed in any manner, or ground, * * * and all articles of every description, including bottles and bottle glassware, composed wholly or in chief value of glass blown either in a mold or otherwise; all of the foregoing, not specially provided for in this section, * * * sixty per centum ad valorem: * * *.

The importer protested that the merchandise imported was a manufacture of glass, dutiable at 45 per cent ad valorem under that part of paragraph 109 of said act, which reads as follows:

109. Stained or painted glass windows, or parts thereof, and all mirrors, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, and all glass or manufactures of glass or paste or of which glass or paste is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

The Board of General Appraisers found as a fact that the goods were not *articles* of glass; and that they were therefore not dutiable under the provisions of paragraph 98. The protest was accordingly sustained and the Government appealed.

We find ourselves unable to agree with the decision of the board or the finding of fact on which it was based.

It appears from the record that the goods in question are made by cutting slabs of glass into small prismoidal pieces suitable for use in the manufacture of mosaics. If colored pieces of glass are desired, the required color is given to the glass while it is still in a molten condition and before it has been poured from the pot to cool into the form of a slab. The gilded mosaic is produced by imposing on the glass a layer of gold leaf and then covering the leaf with a thin coating of glass. The small prismoidal pieces of glass, whether colored or gilded, are known by the special name of glass mosaics and are ready to be used in the making of mosaic designs or pictures, with the exception that they must be cut to fit and must be ground smooth if the completed work is intended to be viewed at close range.

The goods in question have been so far advanced beyond the condition of a mere raw material that they have not only received a distinctive name, but a special definite form, which commits them to a

specific ultimate use and apparently renders them commercially unfit for anything else.     The glass mosaics are therefore "articles," not only in the broad but also in the restricted sense of the term, and as they are composed of glass, colored or gilded, they would seem to be dutiable, as provided by paragraph 98 and as assessed by the collector.     That paragraph, in express terms, subjects to its operation not only glass bottles, decanters, and bottle glassware processed as therein provided, but also all articles of every description composed wholly or in chief value of glass and similarly processed. The language which Congress saw fit to use in enacting the provision is certainly broad enough to cover articles of glass other than those denominatively provided for, and we think the board erred in giving to it a construction which would limit its scope to glass bottles, decanters, and similar glassware.     Morimura Bros. *v.* United States (2 Ct. Cust. Appls., 181, 185; T. D. 31941); United States *v.* Mescall (215 U. S., 26, 31).

The enumeration "glass bottles, decanters, and all articles of every description composed wholly or in chief value of glass" is no more suggestive of an intention to confine the paragraph to things *ejusdem generis* with bottles and decanters than was the enumeration "glass bottles, decanters, or other vessels or articles of glass" found in paragraph 100 of the tariff act of 1897.     Both the board and courts, however, have expressly held that the provision in paragraph 100 for "glass bottles, decanters, or other vessels or articles of glass" covered not only vessels of glass, but also articles processed as therein described and not of the same class as bottles or decanters, and from that it would seem to follow that a meaning no less broad should be given to the more comprehensive enumeration of paragraph 98, "all articles of every description composed wholly or in chief value of glass."     T. D. 20214; Stern Bros. *v.* United States (99 Fed., 260); T. D. 24779; T. D. 25788; Hoehn *v.* United States (139 Fed., 301); Hoehn *v.* United States (142 Fed., 1038).

One of the things which led the board to make the decision which is here the subject of appeal was a prior ruling to the effect that glass mosaics were not dutiable under paragraph 100 of the tariff act of 1897, the prototype of the provision under which the goods were assessed.     (T. D. 24991.)     That ruling, however, was not based on the fact that the mosaics were not articles, but on the ground that the mosaics were not *decorated* or *ornamented* and were excluded from the operation of paragraph 100 on the principle laid down by the Circuit Court of Appeals in Koscherak *v.* United States (98 Fed., 586).     The phraseology of paragraph 100 was changed by paragraph 98 of the tariff act of 1909 to meet the decision of the Koscherak case, and the effect of that change was to make all articles composed wholly or in chief value of glass and processed as therein provided dutiable at 60

per cent ad valorem irrespective of whether a decorative or ornamental effect was produced by such processing.   United States *v.* Wakem & McLaughlin (2 Ct. Cust. Appls., 411; T D. 32170).

We must therefore hold that the decisions which limited the operation of paragraph 100 of the tariff act of 1897 to articles of glass which had been decorated or ornamented have no application to paragraph 98 of the tariff act of 1909, and that the importation was properly assessed for duty by the collector.

The decision of the Board of General Appraisers is *reversed.*