JACKSON & CO. *v.* UNITED STATES (No. 1585).[1]

1. GRANITO—HOW DUTIABLE.

Granito, a manufacture of marble waste, crushed and screened, is dutiable under paragraph 81, tariff act of 1913, as an article composed of earthy or mineral substance, not specially provided for.

2. ROSSMAN *v.* UNITED STATES (1 CT. CUST. APPLS., 280; T. D. 31321) DISTINGUISHED.

This case was based upon the tariff law of 1897, in which the provision relating to articles composed of earthy or mineral substances was restricted by the phrase "whether decorated or not"; and this phrase had been held to exclude from the operation of the paragraph articles not susceptible of decoration.

United States Court of Customs Appeals, January 28, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7714 (T. D. 35331).

[Affirmed.]

*Walden & Webster* (*Henry J. Webster* of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise here involved is granito, which is a manufacture of marble waste, crushed and screened, and was held, in the case of Rossman *v.* United States (1 Ct. Cust. Appls., 280; T. D. 31321), to be dutiable as a manufactured article. The present importation was made under the tariff act of 1913, and was assessed for duty at 20 per cent ad valorem under paragraph 81, and is claimed to be dutiable at 15 per cent ad valorem as an unenumerated manufactured article under paragraph 385.

The importers put forth two contentions: First, that the article granito was under the tariff act of 1909 held by the Board of General

Appraisers to be dutiable as a nonenumerated manufactured article, and that the presumption arises that the Congress adopted this construction in enacting the law of 1913; and, secondly, that under the rule of *ejusdem generis* the article in question should be excluded from the provision in paragraph 81 for articles composed of earthy or mineral substances.

As to the first proposition, it appears that in a number of decisions the board held this article dutiable as a nonenumerated manufactured article under the law of 1909. The cases in which this was held were abstract decisions, consisting in effect of holdings that the question was ruled by the Rossman case, *supra*, that case, however, being based upon the tariff law of 1897, in which the provision relating to articles composed of earthy or mineral substances was restricted by the clause " whether decorated or not," and which term had been held to exclude therefrom articles which are not susceptible of decoration. The Rossman case was therefore no authority for holding articles such as granito excluded from the paragraph for articles composed of earthy or mineral substances when these limiting words relating to decoration were eliminated from the paragraph. The principle of the Rossman case was misapplied in the abstract decisions. The contest, however, over the single article of granito was apparently not continued by the department under the act of 1909.

But before we conclude that the Congress adopted the construction which the board gave the provision of 1909 in enacting the present law, we should take into account the fact that as to articles composed of earthy or mineral substances the effect of the change in the paragraph was fully noted. In T. D. 30708 the board had under consideration barometer tubes and other articles composed of fused silica, which had previously been held subject to a duty of 20 per cent under the tariff act of 1897 as enumerated manufactured articles. Following the case of Dingelstedt *v.* United States (91 Fed., 112), on the ground that said articles were not susceptible of decoration, the board held them to be dutiable under the act of 1909 as articles composed of earthy or mineral substances.

This court, in United States *v.* General Electric Co. (4 Ct. Cust. Appls., 287; T. D. 33494), in dealing with articles composed of precious stones, held that they were dutiable under paragraph 95 of the tariff act of 1909, and in United States *v.* Tamm (2 Ct. Cust. Appls., 425; T. D. 32173) it was held that flint glazing stones were dutiable as articles composed wholly or in chief value of earthy or mineral substances, and in United States *v.* Fensterer (2 Ct. Cust. Appls., 368; T. D. 32094) the effect of the modification of paragraph 95 was fully discussed and the same article which had previously been held in United States *v.* Fensterer (1 Ct. Cust. Appls., 93; T. D.

31110) to be dutiable as a nonenumerated manufactured article was held, in view of the modification by the act of 1909, to fall within the terms of "an article composed wholly or in chief value of earthy or mineral substances."

In view of this history of the provision of the act of 1909, it can not be said that Congress intended to adopt a construction which would exclude the product in question from the terms of the provision for earthy or mineral substances, unless we assume that it was the purpose to discriminate between articles which had like characteristics by excluding articles fully answering the description of manufactured articles composed of earthy or mineral substances in one case and including them within the definition in another. This would lead to extraordinary results and tend to confusion in the administration of the law and is not a purpose to be imputed to Congress.

The importer makes the further contention that this article does not fall within paragraph 81 for the reason that it is not *ejusdem generis* with the article in which it is in closer relation, and urges that a reading of Schedule B leads to the conclusion that paragraphs 81 and 82 relating to earth, clays, and closely related substances and manufactures thereof are intended to stand by themselves and to exhaust the kind of earthy or mineral substances which are referred to in general terms in paragraph 81. Paragraphs 83 to 96, inclusive, are said to relate to glass and the manufactures thereof, and paragraphs 97 to 101 to relate to marble and stone.

This contention might have been made with equal force under the act of 1909, as it related to the subject involved in United States *v.* Foscato (6 Ct. Cust. Appls., 15; T. D. 35251). The grouping in that case would be just as conclusive evidence of an intention to restrict and limit the term earthy or mineral substances to what had preceded it, as is the grouping under the act of 1913.

The case chiefly relied upon in the brief of counsel is the case of Dingelstedt *v.* United States, *supra.* In that case it was said of the earlier paragraphs of the act of 1894:

This collocation * * * would seem to indicate most strongly that the phrase "all articles composed of * * * mineral substances" was not used in its broadest sense, but restricted to articles composed of mineral substances similar to those enumerated in the schedule, if not in the subdivision. Strong confirmation of the correctness of this interpretation is found in the circumstance that Congress provides in the paragraph different rates of duty for the "articles" referred to when decorated, and, when not decorated, apparently they had in mind articles susceptible of decoration; and in the further circumstance that Congress has inserted in the paragraph the words "including lava tips for burners." If the phrase relied on were to be given the broad construction contended for, it would be wholly unnecessary to provide specially for lava tips; they would be included in the general phrase. Evidently Congress understood that this general phrase was used by it in such a restricted sense that it

would not cover the lava tips, and therefore they were specially provided for. Construed as above indicated, the paragraph would not cover the carbons now before the court.

As we interpret this decision, the application of the rule of *ejusdem generis* was not rested upon the collocation of the various paragraphs alone, but was taken as a circumstance which, when considered in connection with the provision for articles whether decorated or not, restricted it to such as were susceptible of decoration, and that this narrowed the meaning of the phrase " articles composed of earthy or mineral substances."

A somewhat similar contention to that here made was urged in the case of United States *v.* General Electric Co., *supra*. In that case it was contended that the importation, while falling within the specific terms of paragraph 95, as articles composed of earthy or mineral substances, should have been excluded therefrom on the doctrine of *ejusdem generis* as limiting the phrase to articles of a like character as those named in the preceding paragraph of Schedule B. After a discussion of the case of Dingelstedt *v.* United States, and after directing attention to the fact that that case arose under the act of 1894, it was said of the case:

So far as it rested upon the rule of *ejusdem generis*, its force is much weakened by the fact that Congress, in the act of 1897, paragraph 115, provided in the same Schedule B for manufactures of agate, alabaster, chalcedony, chrysolite, coral, cornelian, garnet, jasper, jet, malachite, marble, onyx, and a number of other articles not embraced in Schedule B of the act of 1894, but as unrelated to the articles embraced in such prior act as are the articles involved in this suit.

And again in paragraph 112 of the present act, Congress, instead of enumerating all the articles above mentioned in paragraph 115, provided for " all articles composed wholly or in chief value of agate, rock crystal, or other semi-precious stones, except such as are cut into shapes and forms fitting them expressly for use in the construction of jewelry."

This departure from the language of the act of 1894, including as it does in the enumerated articles a long list of articles similar in use to sapphire, would seem to demonstrate that it was not the purpose to limit or restrict the paragraph in question to articles of inferior value, and that the rule of *ejusdem generis* is not to be given application.

So, we think that the act of 1913 employs this phrase in its ordinary sense, and that any article not specially provided for in the section which is composed of earthy or mineral substances is dutiable under paragraph 81.

We have not discussed the effect of the provision in the first part of paragraph 81 for earthy or mineral substances wholly or in part manufactured, for the reason that both counsel agree that the substance in question is a manufactured article. This concession accords with the ruling of this court in United States *v.* Foscato, *supra*.

The decision of the board sustaining the assessment is *affirmed.*