## L. OPPLEMAN, INC. *v.* UNITED STATES [1]

## United States Customs Court, Third Division

(Decided October 6, 1938)

*Tompkins & Tompkins* (*J. Stuart Tompkins* and *Allerton deC. Tompkins* of counsel) for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Joseph F. Donohue,* special attorney, and *Francis X. O'Donnell, Jr.,* junior attorney), for the defendant.

[1] C. D. 42.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: This case involves the proper classification of certain mineral specimens imported in containers having compartments with one specimen to each compartment. Duty was assessed thereon at 30 per centum ad valorem under paragraph 214, Tariff Act of 1930, as mineral substances wholly or partly manufactured. The plaintiff claims that the minerals are crude and, not being advanced in value or condition, are properly entitled to free entry under paragraph 1719.

This issue was previously litigated by the plaintiff and decided April 13, 1937, Abstract 36019, in favor of the defendant because of lack of evidence to establish whether or not the specimens had been advanced in value or condition by any process of manufacture in order to reach the condition in which they were imported, and that as imported they were in the raw or unmanufactured state. The record in that case was incorporated with and made a part of the record herein. The record in the former case established that the minerals are brought by the natives to the collectors in large containers. The collectors sort the minerals into various sizes and place the assortments in bins. The purchasers thereof indicate the sizes they desire and the collector fills the specimen boxes with the size of minerals indicated.

In the case before us here the general manager of the importing firm testified that the specimens were sold in the same condition as imported, excepting that a mineral handbook was included with the set. A mineralogist from Columbia University testified for the plaintiff that from his examination of the pieces of minerals he was satisfied that they were in a crude state and that none of them had been advanced in value or condition by refining or grinding or by other process of manufacture; that the only thing that had been done was to break them into small pieces; that some of them are easily broken by the hand while others require more force, such as a blow of a hammer; that some of the pieces were not susceptible of being broken and it was necessary to saw such pieces to size. In his opinion the labeling of the specimens was merely a means of identification. Without the accompanying handbook of minerals the educational value of the sets would be practically negligible.

The question for our consideration is whether or not the pieces of minerals in their imported condition are wholly or partly manufactured or advanced in value or condition by any process of manufacture.

It is now clear from the record that the mineral pieces are in the same state as found in nature excepting the sizes thereof, and that the sizes of the specimens were acquired by sorting or further breaking into fragments and in some instances sawing.

The question concerning the crude or manufactured state of imported minerals has been adjudicated by the courts upon many occasions. In the case of *In re George L. English & Co.*, G. A. 1732, T. D. 13352, crude minerals known as Smithsonite and Adamonite, in the shape of quartz crystals and intended for use in cabinet collections, were held properly classifiable as crude minerals rather than as earthy or mineral substances, wholly or partly manufactured.

In the case of *In re E. B. Welton*, G. A. 1982, T. D. 13788, certain irregular pieces of stone, designed to be broken up and used in the manufacture of paving stones or concrete pavements, classified as waste, were found to be minerals, crude or not advanced in value.

In the case of *In re E. B. Welton*, G. A. 2343, T. D. 14551, crushed stone, assessed as a nonenumerated manufactured article, was found by the board to be small pieces of stone in irregular shapes, crushed or broken by means of an ore breaker, and held to be a crude mineral, and although advanced somewhat in value, it was found not to have been subjected to the process of refining or grinding or other process of manufacture.

In the case of *In re L. Alavoine & Co.*, G. A. 5573, T. D. 24988, merchandise bearing the appearance of crushed, pulverized limestone, which was established to have consisted of sweepings from a stone or marble yard, and not subjected to grinding or pulverizing or any other process, was held free of duty as crude minerals.

In the case of *Herter Brothers v. United States*, 53 Fed. 913, the court of appeals for the Second Circuit held that small cubes of marble known as marble mosaics, made from waste marble, partly by hand and partly by machinery, and used for paving purposes, were not manufactures of marble.

In the case of *Johnson v. United States*, 152 Fed. 656, whetstone blocks subjected to a rough dressing process, and in their imported condition used for grinding the edges from calico printing rollers, were held not to be advanced in value or condition and therefore free as crude minerals.

In the case of *Hampton v. United States*, 6 Ct. Cust. Appls. 392, T. D. 35926, certain molybdenite, a mineral substance, was classified as partly manufactured. The evidence established that the molybdenite was freed from its rock formation by a flotation process and that after freeing of the rock gangue it was in its native state. The court held it free of duty as a crude mineral, stating as follows:

\* \* \* It may be generally said that it has been uniformly held in customs interpretation that the application of processes necessary to produce an article from its native condition and to bring it into a condition that it may be imported, without affecting its *per se* character, is not regarded either as a manufacturing process or as a process advancing it in value or condition.

In the case of *George S. Bush v. United States*, Abstract 50550, 48 Treas. Dec. 770, rectangular pieces of slate with the rough surfaces

and edges rough sawn were found to be substantially in the condition as they came from the quarry with the exception that the edges were rough sawn in order to do away with danger while in transit and the court held the merchandise free of duty as crude minerals.

In the case of *Myers* v. *United States*, 1 Ct. Cust. Appls. 506, T. D. 31531, the court stated that in order—

To bring the mineral within the paragraph, it must be crude—that is, not advanced in value or condition by refining, grinding, or other process of manufacture. Clearly a process of manufacture so similar to grinding as is crushing should be held to be within the general language "other process of manufacture," used in this paragraph and in close relation to the word "grinding."

In the case of *Hartranft* v. *Wiegmann*, 121 U. S. 609, the Supreme Court stated:

The application of labor to an article, either by hand or mechanism, does not make the article necessarily a manufactured article within the meaning of that term as used in the tariff laws.

In the case of *Anheuser-Busch Brewing Assn.* v. *United States*, 207 U. S. 556, the Supreme Court further stated upon this subject as follows:

Manufacture implies a change, but every change is not manufacture, and yet every change in an article is the result of treatment, labor, and manipulation. But something more is necessary, as set forth and illustrated in *Hartranft* v. *Wiegmann*, 121 U. S. 609. There must be transformation; a new and different article must emerge, "having a distinctive name, character, or use."

The Court of Customs Appeals in *Ishimitsu* v. *United States*, 11 Ct. Cust. Appls. 186, T. D. 38963, held that the tariff act distinguishes between a mere advancement and a manufacture, and an importation can not be assumed to be a manufacture merely because shown to be advanced.

The Government insists that the cutting or crushing of merchandise is sufficient to warrant the classification under paragraph 214, and cites *Jackson* v. *United States*, 6 Ct. Cust. Appls. 512, T. D. 36142 and *Great Lakes Dredge and Dock Co.* v. *United States*, G. A. 7970, T. D. 36719.

In the *Jackson* case, *supra*, granito, a crushed and screened marble waste, was held dutiable as earthy or mineral substances, wholly or partly manufactured. The question relative to manufacture was not raised, it being claimed that the merchandise was dutiable as a nonenumerated manufactured article. In *Rossman* v. *United States*, 1 Ct. Cust. Appls. 280, T. D. 31321, the same class of merchandise was before the court. There it was claimed to be free as crude minerals. However, in that case the court found that the marble chips and waste of marble quarries from which granito was manufactured had been crushed and screened by machinery designed for such purpose; that as waste it was practically worthless, but after processing it took a new

and distinctive name and had a new use in the making of terrazzo floors and was of considerable value.

In the *Great Lakes Dredge and Dock Co.* case, *supra*, certain crushed stone was claimed to be free as a crude mineral. The court found that machinery had been expressly devised for the purpose of manufacturing the stone and that the process of manufacture was not simple. The commodity was greatly increased in value and its use was very extensive and definite.

We do not believe that the cases cited by the Government are in point in the controversy before us. Here, the stones in their imported condition are not any more valuable than when delivered to the collectors. Their value is attained, not through a process of manufacture of the stones, but rather through their packing arrangement in boxes having separate compartments for each stone. The evidence establishes that even then they are of little value were it not for the mineral handbook that is sold with the specimens in the American market.

From the evidence now before us we are convinced that there has been no change in the stones in question. They have received no treatment, manipulation, or application of labor sufficient to amount to an advance in value or condition by refining or grinding, or by other process of manufacture. The form of packing used is not sufficient to take the specimens out of the category of crude minerals.

Judgment will therefore be entered in favor of the plaintiff, directing the collector of customs to reliquidate the entries and to refund all duty taken.