(C. D. 645)

ARTHUR H. THOMAS CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 8, 1942)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector* and *Joseph F. Donohue*, special attorneys), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Keefe, Judge: This action involves the collector's assessment of duty as earthenware upon certain pipe clay triangles at the rate of 45 per centum ad valorem and 10 cents per dozen pieces under paragraph 211 of the Tariff Act of 1930. The plaintiff claims that the merchandise is properly dutiable as articles of earthy or mineral substances at 30 per centum ad valorem under paragraph 214.

At the trial the plaintiff established that the articles in question consisted of three metal or iron wires joined at the ends to form a triangle, each of the wires being covered or enclosed by a cylindrical piece of plain white high silicate pipe clay tubing and that such tubing is the component of chief value; that these pipe clay triangles are used for the purpose of holding crucibles over the flame of Bunsen burners in laboratories; that they are not ornamented or decorated in any manner; and that any ornamentation or decoration would increase the cost but not the value for the purpose for which they were used, and would serve no purpose in view of the use of the articles. It was not disputed that the articles in question are composed of clay and kiln baked. The Government does not urge that the articles are susceptible of decoration.

Plaintiff contends that the articles in question are excluded from classification under paragraph 211 for the reason that the merchandise thereunder must be susceptible of decoration; that inasmuch as the clay triangles herein are used as heat resistant hoders of crucibles, it would be impractical to ornament or decorate them; and consequently such articles are not susceptible of decoration as those words are interpreted by the courts, citing *Dingelstedt* v. *United States*, 91 Fed. Rep. 112; *United States* v. *Downing*, 201 U. S. 354; *Crawford* v.

*United States*, T. D. 28539; *Fensterer & Ruhe* v. *United States*, 1 Ct. Cust. Appls. 93, T. D. 31110; and *United States* v. *Fensterer & Ruhe*, 2 Ct. Cust. Appls. 368, T. D. 32094.

The Government contends that the provision for earthenware is more specific than the catch-all provision in paragraph 214 for manufactures of earthy or mineral substances, not specially provided for; that earthenware is limited in meaning to that class of material made from clay and baked in a ceramic kiln; and that the term earthenware should be construed in harmony with its ordinary meaning, to include all clay articles which are kiln baked, whether or not they may be or are intended to be decorated, citing in support thereof this court's decision in the case of *General Aniline Works, Inc.* v. *United States*, T. D. 49313.

The paragraphs of the Tariff Act of 1930 before us for consideration in this case provide in part as follows:

PAR. 211. Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semiporcelain earthenware, and cream-colored ware, terra cotta, and stoneware, * * * and all·other articles composed wholly or in chief value of such ware; plain white, plain yellow, plain brown, plain red, or plain black, not painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 10 cents per dozen pieces and 45 per centum ad valorem; painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated in any manner, and manufactures in chief value of such ware, not specially provided for, 10 cents per dozen pieces and 50 per centum ad valorem.

PAR. 214. Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, *whether susceptible of decoration or not*, if not decorated in any manner, 30 per centum ad valorem; if decorated, 40 per centum ad valorem. [Italics not quoted.]

The only question in this case is whether or not articles not susceptible of decoration are excluded from the provisions of paragraph 211 by the language thereof and relegated to the general provision for earthy or mineral substances, paragraph 214, wherein duty is provided upon articles of earthy substances whether susceptible of decoration or not.

Our appellate court in the case of *Fensterer & Ruhe* v. *United States*, 1 Ct. Cust. Appls. 93, T. D. 31110, had before it the construction of paragraphs 95, 96, and 97 of the Tariff Act of 1897, paragraphs 95 and 96 being correlative to paragraph 211, *supra*, and paragraph 97 covering articles of earthy or mineral substances at one rate of duty "if not decorated" and at a higher rate "if decorated."

The certain bisque rings for incandescent gaslights were assessed for duty under paragraph 96 under the provision for "All other china, * * * bisque * * * if not ornamented or decorated * * *."

The rings in question were shown to be bisque or biscuit ware, an unglazed clay product either of china or earthenware mixture. The importer contended that even though the articles were of bisque, the paragraph under which assessed did not include the same because its application is limited to articles that are susceptible of decoration. The court found as a fact that the bisque rings were not susceptible of decoration and thoroughly considered the provisions of the pottery schedules in various preceding tariff acts, coming to the conclusion that the bisque rings were not dutiable under paragraph 95, 96 or 97, because articles dutiable thereunder were such that were susceptible of decoration. The court succinctly stated as follows:

\* \* \* The careful enumeration of stone and crockery ware, a very small portion of which is capable of decoration, adds strength to the belief that the statutes heretofore and in 1897 were designed to cover the whole range of china and pottery without exception of such as could not be decorated.

But we find that there has been a trend of construction of the act of 1897 in the opposite direction, with which we feel constrained to put this court in accord, unless the cases can be distinguished upon some substantial basis. *The tenor of the decisions referred to is that language such as occurs in paragraph 96, already quoted, limits application of the law to articles that are susceptible of decoration.*

\* \* \* \* \* \* \*

We find also that the highest authority, the Supreme Court, in *United States* v. *Downing* (201 U. S., 354), approved the opinion of the court in the *Dingelstedt* case [91 Fed. Rep. 112] by a positive declaration *that the words of paragraph 97,* "*if not decorated in any manner, thirty-five per cent ad valorem; if decorated, forty-five per cent ad valorem,*" *covered articles susceptible of decoration, and not articles decorated or not decorated, irrespective of their capability of being decorated.* \* \* \* the view expressed of the language used by Congress in paragraph 97 bears directly upon the construction that should be put upon similar words in paragraph 96 and impel us to adopt the view that because the articles under consideration are bisque, not susceptible of decoration, they can not be classified under paragraph 96. [Italics ours.]

The court found that the bisque rings were not included within the language of paragraph 95, 96, or 97 and held that the articles were dutiable as nonenumerated manufactured articles.

In the case of *United States* v. *Fensterer & Ruhe*, 2 Ct. Cust. Appls. 368, T. D. 32094, the same class of merchandise was before the court, to wit, magnesia rings used for holding in place the incandescent mantles of gas burners. The collector assessed the merchandise for duty under paragraph 94 of the Tariff Act of 1909, as manufactures of bisque, undecorated, (correlative to paragraph 96, act of 1897). The importers contended that the merchandise should be assessed under paragraph 95 of that act, as articles composed wholly or in chief value of earthy or mineral substances, not specifically provided for and not decorated, whether susceptible of decoration or not.

Our appellate court in rendering a decision in favor of the importers, and referring to its former decision in the *Fensterer & Ruhe* case,

*supra*, stated that the reason for its decision in that case was "that the provisions of the paragraphs prescribing a given duty if the wares were decorated and a less duty if they were not decorated necessarily implied that the wares must all be such as might be decorated; that is, such as were susceptible of decoration. Inasmuch as the goods in question were found as a matter of fact to be incapable of decoration they were held to be foreign to the paragraphs and were assessed as nonenumerated manufactured articles." In referring to the change in paragraph 97, act of 1897, when Congress enacted correlative paragraph 95 in the act of 1909, by providing for articles composed of earthy or mineral substances, not specially provided for, not decorated, the court said that the provision "*whether susceptible of decoration or not*" was new in the act and that it "*appears to be the unmistakable legislative answer to the same question raised by protests filed under the former act. The principle involved is thus recognized, and appropriate words are used to place such articles as are not susceptible of decoration under the new paragraph 95, leaving the preceding paragraphs to continue within the rule expressed in the former case.*" The court held that the merchandise there in question was properly dutiable under the paragraph providing for earthy or mineral substances, whether susceptible of decoration or not.

The paragraphs of the law in question here, insofar as the controversy before us is involved, are within the terms of the language of the paragraphs in the Tariff Act of 1909, and subject to exactly the same construction. The Government relies upon a decision of this court in the case of *General Aniline Works, Inc.* v. *United States*, T. D. 49313. There certain filter plates, manufactured from clay, glass, and chamotte by being pressed into molds and baked in a ceramic kiln, were assessed as earthenware under paragraph 211, Tariff Act of 1930, at 45 per centum ad valorem and 10 cents per dozen pieces. The plaintiff claimed that the articles were properly dutiable at 30 per centum ad valorem under paragraph 214, as articles composed wholly or in chief value of earthy or mineral substances, and contended that the articles were not dutiable as assessed for four reasons: to wit, they were not vessels, utensils, nor ornaments and therefore not earthenware nor pottery; they were not glazed and therefore not stoneware nor pottery; they were not semiporcelain, not being translucent or white or hard baked; and not being colored red they were not comprehended within the provision for terra cotta. The Government contended there, as in the case now before us, that under the case of *Favor, Ruhl & Co.*, G. A. 5813, T. D. 25675, the articles were properly assessed with duty under the earthenware paragraph. That case was decided by this court prior to the decisions in the *Fensterer & Ruhe* cases, *supra*, and held that certain "chamotte plates" were embraced within the term "earthenware" when shown to have

been baked in a kiln. The question relative to the construction of the competing paragraphs was not raised by counsel nor considered by the court, and consequently should not be regarded as a precedent in similar cases where the issues are properly presented.

In view of the *Fensterer & Ruhe* cases, *supra*, and for the reasons stated, we hold that the pipe clay triangles here before us are properly dutiable at 30 per centum ad valorem under paragraph 214, as claimed. Judgment will therefore be entered in favor of the plaintiff, directing the collector to reliquidate the entries and to make refund accordingly.